**SCHOCK et al. v. MALLOY et al.**

Circuit Court of Appeals, Eighth Circuit. May 14, 1928.

No. 7888.

1. **Evidence** ⬅️75, 354(24)—**Books of claimants and fact of their refusal to produce them held competent evidence against them.**

Books of claimants for legal services, showing in detail the character of service rendered on each day, with a charge opposite each item, the total thereof being less than the amount claimed by them, are competent evidence against them, as is the fact that they at first refused to produce them.

2. **Appeal and error** ⬅️1022(1)—**Unless clearly erroneous, finding of master, approved by trial court, not disturbed by appellate court.**

Findings of master, approved and confirmed by the trial court, will not, in the absence of very clear error, be set aside by appellate court.

Appeal from the District Court of the United States for the Eastern District of Oklahoma; Robert L. Williams, Judge.

Claims of W. O. Schock and others against Pat Malloy and another, as receivers of the Constantin Refining Company and another. From a judgment overruling in part exceptions to the report of a special master, claimants appeal. Affirmed.

Samuel H. Liberman, of St. Louis, Mo. (T. M. Pierce, of St. Louis, Mo., on the brief), for appellants.

Charles R. Bostick, of Tulsa, Okl. (M. A. Breckinridge, of Tulsa, Okl., on the brief), for appellees.

Before KENYON, Circuit Judge, and SCOTT and SYMES, District Judges.

SYMES, District Judge. This appeal is from an order of the United States District Court for the Eastern District of Oklahoma, overruling in part exceptions filed by the appellants to a report of a special master on the claims of appellants against the Constantin Refining Company and the Constantin Oil & Gas Company. The affairs of these two companies had been conducted for some time by a creditors' committee in accordance with agreements entered into by and in behalf of the unsecured creditors; the same committee acting for both concerns. In consideration thereof the creditors joining extended the time of payment of their claims, and empowered the committee to pass thereon. The

following clause of these agreements is material on this appeal:

"The committee may employ attorneys and counsel, agents, accountants, auditors or other employees, and incur such expenses as it shall deem necessary, and the company agrees upon demand to reimburse the committee for all such expenses incurred by it or to provide in advance the payment of such expenses."

After the committee had functioned for some time a receiver was appointed. The claims in question, with others, were presented by the committee to a special master appointed by the court. Pursuant to the above clause of the agreement, the committee had employed appellants, Jourdan, Rassieur & Pierce, as legal advisers. They asked for $10,000 for services rendered, less a credit of $1,500 paid on account, or a balance of $4,250 against each of the companies. The other appellant, W. L. McDonald, was employed as a special representative of the committee. His claim is for $4,175, one-half against each company. Hearings on the claims were consolidated, and one record presented.

Referring first to the claim of Jourdan, Rassieur & Pierce: The evidence of Mr. Pierce, who testified in detail before the master, was to the effect that the legal services rendered by his firm covered a lengthy period of time, and involved matters of considerable importance in and about the affairs of both companies, and for the committee acting for each. The receiver, in opposing the claim, offered in evidence certain loose ledger sheets taken from the books of the firm. These showed in detail the character of the services rendered on each day, such as conferences with the committee, drawing papers, telegrams, trips, etc. Opposite each item a charge was entered, ranging from $5 to $250 each. These charges totaled $3,603.69, which, less certain credits and a payment of $1,500 by the Constantin Refining Company, left a balance in round numbers of $2,000. These sheets were not produced voluntarily, but only after a demand made by the receiver. Mr. Pierce testified that they were simply memoranda showing work done; that the amounts set opposite were not meant to be charges, or to express the value of the services, and were made for income tax purposes only.

The special master evidently disregarded the testimony of Mr. Pierce, and took the charges as shown on the books as the best evidence of the value of claimants' services, and found the services rendered to be worth $1,913.67, and, after crediting the payment of $1,500, found, as a matter of fact and law, that the balance due the law firm by the refining company, and the oil and gas company, to be $206.83 each. Judge Williams agreed with the referee in valuing the services at $1,913.67, but found the $1,500 had been deducted twice, and allowed $1,913.67; one-half of the sum to be charged against each of the companies.

It may be said with some reason that the services rendered by these appellants would have justified a larger allowance than that made; but it is not within our province, under the circumstances of this case, to pass upon their value. The evidence was conflicting, the issue sharply drawn, and the facts disclosed by the books of the firm, unwillingly produced, are sufficient to sustain the findings of the master. It is contended that the master treated these ledger sheets as conclusive evidence. This statement as a fact is not sustained by the record, and seems, apparently, to have been abandoned by counsel at the argument.

[1] These books certainly were competent evidence. A party's own statements or records may, under the conditions here presented, be used against him. It is true that plausible explanations were made by Pierce in support of their position, to wit, that these books were merely memoranda of work done, and were not intended to indicate the value of the services; but he admitted, according to the record, that these loose-leaf pages showed all the charges made, and there is no evidence that, at any time prior to the filing of the claim, the firm in any way asserted that their services were worth the $10,000 now claimed. The acts or declarations of a party, under the circumstances here indicated, are competent evidence, as is the fact that claimants at first refused to produce the books before the master.

In the matter of the claim of McDonald, the master found that he was employed by both companies at a salary of $1,000 a month, and $250 additional a month for expenses, to be paid by the refining company; that he acted in that capacity until the appointment of the receiver, at which time there was due him the sum of $4,375 from the refining company, less a credit of $200 cash in advance. He accordingly allowed $4,175 as an obligation against the refining company. This was affirmed by Judge Williams.

The only question on this claim was whether the court erred in refusing to allow one-half against the oil and gas company. The evidence is undisputed that the services were performed for both concerns, and that he was hired by both. However, McDonald

never at any time billed the oil and gas company, and does not seem to have looked to them for payment. The master found that all parties understood that he was to be paid by the refining company.

[2] The record in this court shows as to each claim a disputed question of fact, a finding thereon by the master, affirmed by the trial court after a review of the entire record. This court will not, in the absence of very clear error, set the same aside. This principle of law has been so often stated by the national appellate courts—including this one —that any further definition or statement would tend to confuse rather than clarify it. Crawford v. Neal, 144 U. S. 585, 12 S. Ct. 759, 36 L. Ed. 552, affirmed in Miller v. Robertson, 266 U. S. 243, 45 S. Ct. 73, 69 L. Ed. 265, cited with approval in Williams v. Chicago & Northwestern Ry. Co., 273 U. S. 670, 47 S. Ct. 474, 71 L. Ed. 832; Taback v. Arai (C. C. A.) 21 F.(2d) 161, 163; Majestic Co. v. Orpheum Circuit (C. C. A.) 21 F.(2d) 720, 731; Munn, County Treasurer, v. Des Moines Nat. Bank (C. C. A.) 18 F.(2d) 269; Collins Oil Co. v. Central Trust Co. (C. C. A.) 18 F.(2d) 474; Armstrong v. Lone Star Refining Co. (C. C. A.) 20 F. (2d) 625; Commercial Nat. Bank v. Stockyards Loan Co. (C. C. A.) 16 F.(2d) 911.

In the latter case the rule is stated clearly and concisely as follows: "The findings of a master, approved and confirmed by the trial court, are not to be lightly set aside. While they do not have the conclusive character of a verdict of a jury or the findings of a judge —when in a law action a jury has been waived by a written stipulation of the parties, on file—yet they are presumptively correct, and should not be disturbed, unless clearly against the weight of the evidence."

The judgment of the lower court is in all respects affirmed.