THOMAS F. McCARTIN, *Admr. vs.* CHARLES J. DEVINE, *et al.*

JANUARY 28, 1941.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J. This is a bill in equity to determine the ownership of a certain bank account, which, at the time of the death of the intestate, was in the names of complainant's intestate, James McCartin, and respondent Charles J. Devine, payable to either or the survivor of them. After a hearing in the superior court on bill, answers and proof, a decree was entered in favor of the complainant. From this decree respondent Charles J. Devine and respondent Ethel M. Devine, his wife, have appealed to this court.

The bank account in question was in the Union Trust Company in the city of Providence and at the death of the

intestate showed a balance of $2272.83. The respondent Charles J. Devine made several withdrawals after the death of the intestate, amounting in all to $900, which were used to pay the expenses of the last sickness and the funeral of the intestate. After these withdrawals there remained a balance of $1372.83, which respondent Charles J. Devine thereafter withdrew and later deposited in an account which he had with the Citizens Savings Bank in the name of himself and his wife Ethel M. Devine, and in which he had previously deposited $1000 that he had received from a beneficial association as the beneficiary of a life insurance policy on the life of the intestate. The total amount of this account with the Citizens Savings Bank then became $2372.83.

When the complainant filed his bill of complaint there was no longer any account in the Union Trust Company, since that account had been closed as above stated. Consequently the Citizens Savings Bank and Ethel M. Devine were made respondents in this suit, together with Charles J. Devine. However, as far as the question of the ownership of the bank account with the Union Trust Company, as it stood at the death of the intestate, is concerned, Charles J. Devine is the real respondent. For convenience, therefore, we shall hereinafter refer to him as though he were the only respondent, except where it is necessary to refer to the other respondents.

The respondent contended here, as he did below, that James McCartin had made a gift to him of the bank account with the Union Trust Company when he, McCartin, put his, Charles J. Devine's, name on such account. He contends further that if this contention is not upheld, he is at least entitled to be credited with the $900 which he expended in good faith for the expenses of the intestate's last sickness and for his funeral.

On the evidence the trial justice found that the intestate had not made a true gift of his bank account *in praesenti* to the respondent at the time he caused Charles J. Devine's

name to be placed on the account with the Union Trust Company and had given him the bankbook but rather had attempted to make a testamentary disposition in respondent's favor, and that, inasmuch as it was not made in accordance with the statute of wills, such gift upon death was void. (G. L. 1938, c. 566, § 13)

It appears from the evidence that James McCartin was an elderly man of about eighty-six years at the time of his death. He was single and lived with his sister-in-law, who was also about eighty-five or eighty-six years of age. Charles J. Devine was a very close friend of the intestate for thirteen or fourteen years before his death and often did things for him around the house. In times of sickness he took charge of the house and attended to the fires; and he did other errands, at such times, helping these old people in every way he could. It is evident from the transcript that the intestate reposed great confidence in the respondent and relied upon him for assistance in many ways. It is also evident that intestate intended to and tried to give respondent some reward out of his property for such friendship.

In June of 1939 intestate had a hemorrhage and was seriously ill. Respondent was sent for and came to the intestate's home. At that time he handed the respondent the bankbook in question here and also certain cemetery deeds which he said he wanted respondent to have "for a purpose" in case anything happened to him. Previously, on May 2, 1939, he had caused respondent's name to be added to his own on this bank account. When he handed the respondent the book he told him that he wanted respondent to take care of his burial and pay any other expenses of sickness or emergency, after which the account would belong to him. Respondent testified in further explanation of this conversation that the bank account "was an outright gift to me upon his death." And also, in answer to a question in cross-examination as to whether the intestate was giving him something to take

effect only after the death of the intestate, respondent answered: "That is it."

The intestate did not die as a result of the illness above referred to but recovered and, some days later, respondent returned the bankbook to him but kept the cemetery deeds at the intestate's request. Intestate died later in September of 1939 in a hospital as a result of an accident. After intestate's death, respondent again came into possession of the bankbook and proceeded to withdraw sums therefrom for the payment of expenses in connection with intestate's last illness and burial. At no time did respondent ever make any deposit in said bank account.

There was no other evidence as to the reasons why the name of the respondent was added to intestate's bank account and the account made payable to either the intestate or the respondent or the survivor of them. On such evidence we are constrained to agree with the trial justice that the attempted gift of this bank account to the survivor failed. We have previously said that, in a case of this kind, the party asserting a right to the deposit as the survivor of the other depositor, who originally opened the account and whose money only was deposited therein, must show a completed gift of a joint interest in the account *in praesenti,* and that if the intention of the donor appears to be that the gift is to take effect only after death, the attempt to make a valid gift is ineffectual. *People's Savings Bank* v. *Rynn,* 57 R. I. 411. Therefore, the decision of the trial justice, in the instant cause, that the gift failed is correct.

However, the decree entered upon such decision cannot be affirmed in full for other reasons. This decree awards to the complainant the amount of the account in the Citizens Savings Bank with accumulations of interest at six per cent per annum and without deducting the $900 expended for the benefit of the intestate. It also makes respondent Ethel M. Devine liable jointly with her husband, respondent Charles

J. Devine, for the payment of such account and accumulations, totaling the specific amount of $2375.07. Both respondents are enjoined from withdrawing the whole or any part of the account in the Citizens Savings Bank and said bank is also enjoined from paying this account to anyone other than the complainant.

There is no evidence that the $1000 which respondent received from the beneficial association and deposited in the Citizens Savings Bank account belongs to the intestate's estate, and the trial justice refused to consider evidence as to that sum, as such a claim formed no part of the complainant's bill of complaint. Therefore, unless the respondent is to be held accountable for the $900, which he expended in connection with the last illness and burial of complainant's intestate, the decree should award to the complainant only the balance of $1372.83, which respondent drew from the Union Trust Company account and deposited in the Citizens Savings Bank, together with such interest as that amount would have earned if it had not been withdrawn from the former bank.

We are of the opinion that in equity and good conscience the complainant is not entitled to claim the sum of $900. Some of this money was expended with the cooperation of the complainant and all of it with his knowledge. There is no claim that such expenditures were not made for the purposes testified to by the respondent or that they were unreasonable. Indeed, in his rescript the trial justice remarked that: "Respondent by three withdrawals withdrew $900, all of which he spent in payment of proper expenses connected with Mr. McCartin's illness and death."

Whether these sums ought to have been paid by the respondent out of any other money he received from the intestate, as, for example, out of the proceeds of the insurance policy of the beneficial association, was not made an issue in this cause, and complainant's attempt to inquire relative

thereto was expressly overruled by the trial justice. On the record before us, we are of the opinion that equity does not require respondent to reimburse intestate's estate for said withdrawals, amounting to $900, and therefore the trial justice was in error in approving the entry of a decree which required respondent to make such reimbursement.

For the reasons above stated, the appeal of the respondents is sustained, and the decree appealed from is reversed, in so far as it makes respondents liable for any larger amount than $1372.83, with accumulations of bank interest, which such sum would have earned if it had not been withdrawn from the Union Trust Company.

On February 3, 1941, the parties may present a form of decree, in accordance with this opinion, for the approval of this court for entry in the superior court.

*Raoul Archambault,* for complainant.

*William B. Sweeney, Walter J. Hennessey,* for respondents.