## O'HARA v. MURPHY et al.

### No. 3889.

Circuit Court of Appeals, First Circuit.

July 9, 1943.

Walter I. Sundlun, of Providence, R. I., and William C. Crossley, of Fall River, Mass., for appellant.

Henry C. Gill, of Brockton, Mass., and John V. Sullivan, of Middleboro, Mass., for appellee Murphy, Special Adm'r.

Raymond P. Baldwin and Palmer, Dodge, Chase, Wilkins & Davis, all of Boston, Mass., for appellee Massachusetts Mut. Life Ins. Co.

John H. Sullivan, of Taunton, Mass., and Kendrick H. Washburn, of Middleboro, Mass., for appellees Stephen F. O'Hara and Catherine M. O'Hara.

Edmund J. Brandon, U. S. Atty., and George F. Garrity, Asst. U. S. Atty., both of Boston, Mass., for United States of America.

Before MAGRUDER, MAHONEY, and WOODBURY, Circuit Judges.

PER CURIAM.

This case, brought under the Federal Interpleader Act, 43 Stat. 976, as amended by 49 Stat. 1096, 28 U.S.C.A. § 41(26), is here on appeal from a judgment of the District Court. Evidence was taken before a master and a report was filed by him in which he made findings of fact. These were adopted by the district judge.

The sole issue is whether the appellant relinquished all rights in two

insurance policies given to her by her late husband, Walter E. O'Hara, on May 2, 1939, by returning them on September 21, 1940. The record is voluminous and not all of it bears directly on the main issue. It is not necessary for us to summarize the facts. The master's report and the opinion of the district court adequately state them. The master had before him direct and positive testimony to the effect that Mrs. O'Hara returned the policies in question to her husband on September 21, 1940, and he concluded that she completely relinquished all her rights in them on that date. The evidence was highly conflicting and it was simply a question of believing testimony as introduced by one side or the other. Each side presented a somewhat consistent story but the stories were diametrically opposite. Under the circumstances it was the duty of the master to consider carefully the evidence, pass upon the credibility of the witnesses, and determine for himself which side was telling the truth. This he did and his determination was affirmed by the district court. As was said in Brislin v. Killanna Holding Corporation, 2 Cir., 1936, 85 F.2d 667, 669, 670: "The complainant's appeal raises almost exclusively questions of fact as to which he asks this court to make findings directly contrary to those made by the master and District Judge. It is perfectly obvious that we cannot do this. The issues turn on conflicting testimony where credibility must be the determining factor. Under such circumstances it is axiomatic that an appellate court will not reverse the findings of judge or master who heard and saw the witnesses unless the error is clear beyond dispute."

We have carefully examined the record and cannot say that the master and the district court were clearly erroneous in concluding that Mrs. O'Hara returned the insurance policies on the 21st of September and relinquished all her rights in them.[1] Seeley v. Hunt, 5 Cir., 1940, 109 F.2d 595, 596, certiorari denied 309 U.S. 609, 60 S.Ct. 894, 84 L.Ed. 1033; Clements v. Coppin, 9 Cir., 1934, 72 F.2d 796, 798; Wickwire

v. Martin, 10 Cir., 1933, 63 F.2d 64, 66; Schock v. Malloy, 8 Cir., 1928, 26 F.2d 621, 623.

The judgment of the District Court is affirmed with costs.

---

[1] Rule 52(a), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. "* * * Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses. The findings of a master, to the extent that the court adopts them, shall be considered as the findings of the court."

"Rule 1. These rules govern the procedure in the district courts of the United States in all suits of a civil nature whether cognizable as cases at law or in equity, with the exceptions stated in Rule 81 * * *".