Jane H. DELANEY, Administratrix of the Estate of Marguerite T. Barr, Plaintiff,

v.

Josephine L. EDDY, Defendant.

Civ. A. No. 57–112–C.

United States District Court
D. Massachusetts.

Nov. 18, 1960.

Frank W. Kilburn, Boston, Mass., for plaintiff.

George F. O'Brien, Quincy, Mass., for defendant.

CAFFREY, District Judge.

This is a diversity action brought by Jane H. Delaney, administratrix of the estate of Marguerite T. Barr of Providence, Rhode Island, against Josephine L. Eddy of Quincy, Massachusetts.

Plaintiff is duly qualified administratrix of Marguerite T. (also known as Margaret T.) Barr, late of Providence, Rhode Island, who died intestate on January 24, 1955. At the time of her death there were outstanding two savings bank accounts at the Providence Institution for Savings (referred to hereinafter as the "Old Stone Bank"). The deposit card for each of these accounts read "in account with Margaret T. Barr or Josephine L. Eddy and payable to either or to the survivor." At the time of her death, decedent had possession of the passbooks to these accounts. After the death of Miss Barr, defendant and her husband removed these bank books from a closet shelf in Miss Barr's apartment and defendant withdrew the full amount of each account on January 28, 1955. Thereafter, a demand for the proceeds of these two accounts, totaling $9,832.60, was made on defendant by plaintiff and defendant has refused to pay over said funds, claiming ownership as surviving joint tenant of each account.

Both counsel have agreed that title to these funds is to be determined by the law of Rhode Island which is consistent with familiar choice of law principles, since decedent was a resident of Rhode Island, the contracts were with a Rhode Island savings bank, and the gift relied on by defendant is alleged to have been perfected by conduct that took place in Rhode Island. Massachusetts Mutual Life Ins. Co. v. Murphy, D.C.1942, 45 F.Supp. 826, affirmed O'Hara v. Murphy, 1 Cir., 1943, 137 F.2d 154, certiorari denied 320 U.S. 795, 64 S.Ct. 261, 88 L.Ed. 480. See, also, Restatement, Conflict of Laws, Secs. 256, 257.

I find that decedent was a 66-year-old spinster who lived alone in an apartment in Providence, Rhode Island. She

was employed up to the time of her death as a civil service employee of the State of Rhode Island at $3,000 per year. Her estate consisted of the instant bank accounts, an unimproved parcel of real estate in Warwick, Rhode Island, worth $1,000, and personal effects worth a few hundred dollars. The decedent, Miss Barr, was survived by two sisters, the defendant and Mrs. Jennie Toye who died two years after Miss Barr. Plaintiff is the daughter of the late Mrs. Toye. Miss Barr had no dependents.

The plaintiff testified, without contradiction, that Miss Barr was hospitalized in 1952 for surgery and that thereafter, in the course of many conversations that plaintiff had with her, Miss Barr constantly dwelt upon what would happen to her in her old age and indicated a fear of being sick and alone at home.

A deposition of an officer of the Old Stone Bank which was introduced into evidence established that the two accounts involved herein were opened on July 30, 1951 as "redeposits;" i. e., on that day, two other accounts which previously had stood in the name of "Margaret T. Barr or Ada E. O'Donnell" were closed and the proceeds thereof were redeposited to create the instant two accounts. Both withdrawals from the two "or O'Donnell" accounts were made by Margaret T. Barr. No other withdrawals were made from the "or O'Donnell" accounts. No withdrawals were made from the "or Eddy" accounts, save the final or closing withdrawal of January 28, 1955 by defendant. This deposition also established that one of the two "or O'Donnell" accounts was created by the redeposit of the proceeds of an account at the Old Stone Bank which had stood in the name of "Margaret T. Barr or Mary E. Reilly." This "or Reilly" account was closed by order of Miss Barr on the same day that she opened the "or O'Donnell" accounts by redeposit. The other "or O'Donnell" account also was created by redeposit of the proceeds of an account which had stood in the name of "Margaret T. Barr or Vera Dunn." The "or Vera Dunn" account

was opened by Miss Barr in 1912 and she added the name of her niece, Vera Dunn, in 1939. Mary E. Reilly and Ada E. O'Donnell were sisters of Miss Barr, and both predeceased her.

As is typical of an acrimonious interfamily squabble, there is a sharp and bitter dispute between the parties as to the content of conversations which took place the day of decedent's death and within the next week thereafter. Plaintiff stated that she informed Mr. and Mrs. Eddy as to the whereabouts of the two savings account passbooks on the day after the death while the parties were engaged in selecting a casket at a funeral director's establishment. Plaintiff says that defendant kept pressing for the selection of the least expensive casket because of defendant's stated opinion that decedent left no funds adequate to pay for a funeral. Plaintiff also testified that after this selection was made, she later advised defendant of the existence of the two accounts while defendant and her spouse were visiting plaintiff's home in Providence.

Defendant's principal witness was her husband, Alvin Eddy. He testified that he and defendant knew of the existence of the two bank accounts from 1951 to 1955. He stated that he took the defendant and Miss Barr to the Old Stone Bank on July 30, 1951, the day the two accounts in question were opened; that he did not enter the bank but waited in his automobile. This witness testified that he remembered a conversation with Miss Barr in the car after the two ladies had completed their business in the bank, in which, he stated, Miss Barr said, "Of course, any time she feels it necessary she can draw on them." Despite his excellent memory of this highly significant conversation, this witness could not recall, without substantial hesitation, the make or color of the car he was driving that day. The evidence indicated that Miss Barr retained possession of the accounts, save on occasions when she went on vacation trips, at which times she left all her small valuables for safekeeping with the defendant. It is not disputed

that no withdrawals were made from these two accounts prior to their being closed, nor is it disputed that decedent had possession of them at the time of her decease. Defendant's deposition indicates that she did not sign her signature card until the date funds were withdrawn.

Mr. Eddy likewise stated that in the course of notifying him of the decedent's death, plaintiff attempted to inform him of these two accounts, but that he shut her off. This was denied by plaintiff on rebuttal. Under cross-examination, Mr. Eddy could not remember a series of conversations between plaintiff and himself, testified to by plaintiff, all material to the issue and unfavorable to his wife's interest. On rebuttal, he too reaffirmed his earlier testimony. Confronted with sharply conflicting versions of these conversations, the Court is posed with a clear-cut question of credibility. I believe the plaintiff.

■ I find that under Rhode Island law, once it is shown that funds belonging at one time to a decedent are used to create a joint account, the burden is on the party asserting a gift to show the perfection of a gift *in praesenti* in the lifetime of decedent. Tabor v. Tabor, 1948, 73 R.I. 491, 57 A.2d 735; Wyatt v. Moran, 1954, 81 R.I. 399, 103 A.2d 801. I further find that under Rhode Island law this burden is not that of a mere preponderance of the evidence, but that the proponent of the gift theory must establish same by clear and convincing evidence. Carr v. MacDonald, 70 R.I. 65, 37 A.2d 158.

■ On the facts of the instant case, I find that no showing has been made of a completed gift to Mrs. Eddy *in praesenti*. McCartin v. Devine, 1941, 66 R.I. 100, 17 A.2d 864. I find that the decedent, over the years, as a matter of personal convenience, kept the bulk of her savings in a joint account standing in the name of herself and one of her sisters, that as one sister died another would be substituted as joint tenant, that none of the three joint tenants ever made a deposit or a withdrawal, that decedent did not intend to make a present gift to any one of her sisters, and that she intended merely to have her funds on deposit in such a way that one close to her could utilize them for her benefit and care if she were suddenly taken ill. I find that no evidence was offered sufficient to indicate an intention on the part of Miss Barr to divest herself of the bulk of her estate in favor of a married sister with a husband and home, not shown to be in need or dependent on her, and that, on the contrary, Miss Barr merely made what amounted to a bookkeeping change in favor of defendant, as third in a series of nominal joint tenants, because of her apprehension as to what light she might be in if she were suddenly stricken with all her funds standing in her name alone. See R.I. General Laws 33–5–5 (1956) Statute of Wills.

I find for the plaintiff.