OLIVE WELLING TIFFANY *et al. vs.* RICHARD H. BABCOCK *et al.*

MAY 22, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

MURDOCK, J. This is a bill in equity brought to quiet the title to four parcels of land situated in the town of South Kingstown.

Against two of the respondents a decree *pro confesso* was entered; as to the other respondents, the case was heard in the Superior Court on bill, answer and proof and a decree was entered granting the complainants the relief prayed for. The cause is before us on respondents' appeal from this decree.

The premises in question were once a part of a farm belonging to William Peckham, who died May 19, 1820. By his will he devised all the real estate to his seven surviving children. One of these children, Dorcas Peckham, married Hezekiah Babcock. By warranty deed in 1821 the six other children conveyed their six-sevenths undivided interest to said Hezekiah. Dorcas Peckham Babcock died

intestate leaving five children. Hezekiah Babcock by his will admitted to probate April 11, 1870, devised all his real estate to his two sons, Adam and John. Adam by his will admitted to probate December 3, 1872, devised his one-half undivided interest in the "homestead farm and lot being the same estate which I received from my father by will," to his brother John who then became the record owner of the interest which his father had acquired together with one-fifth of the one-seventh which he inherited from his mother as heir-at-law and the one-fifth of one-seventh which his brother likewise inherited from his mother. There was then outstanding of record a three-fifths of one-seventh, or three thirty-fifths interest, the record title to which was in the other children of Hezekiah and Dorcas Peckham Babcock. Dorcas Gardiner Babcock, one of the children of Hezekiah and Dorcas Babcock, by her will admitted to probate September 14, 1903, gave all of her property to her brother John so that the record title in 1903 was vested in John Babcock except two thirty-fifths. The respondents Richard H. Babcock and Earl A. Babcock are the heirs-at-law of one of the children of Hezekiah and Dorcas and as no appearance was entered by the representatives of the remaining children of said Hezekiah and Dorcas and a decree *pro confesso* was entered against them, the said Richard H. Babcock and Earl A. Babcock, as the representatives of a one thirty-fifth interest in the property, are the sole respondents in the cause as it now stands.

From the record it appears that William Peckham and his successors in title since 1820 have been in uninterrupted possession of the property in question and have claimed the same in fee simple.

The farm, while in the possession of John Babcock, was divided up and at the time of the filing of the present bill was in four parcels. One parcel, now owned by the complainant Olive Welling Tiffany, was in 1895 deeded by John Babcock by warranty deed absolutely and in fee simple to Hannah Perry, who improved the same, erected a house

thereon and occupied the premises until 1906 when she conveyed by warranty deed to Perry Tiffany, who in 1909, through a third party, deeded the same to his wife, the complainant Olive Welling Tiffany. Perry Tiffany and his wife Olive have been in possession of the property continuously since 1906 and have made improvements and repairs thereon. The title held by the complainant Rhode Island Hospital Trust Co. as trustee under the will of George S. James has thereon the old Peckham homestead where John Babcock lived until March, 1893. He then deeded it by warranty deed to William H. Perry, who occupied it as owner until his death in 1915, when he devised the same to his daughter, Elvira M. Perry, who by warranty deed in 1918 conveyed to George S. James, who was in possession until his death. The parcel owned by the complainant Henry J. Cassidy was conveyed to him by John Babcock in 1895. He has lived upon it ever since, cultivated it and built a house thereon.

The record shows that the respective owners of these three parcels have been in uninterrupted, quiet and peaceful possession of the same claiming them as their sole property in fee simple for more than ten years. The fourth parcel is the wood lot which John Babcock continued to own until his death. He and his heirs have exercised full control over this property, have cut the wood thereon, paid the taxes and have asserted full ownership therein.

The facts in this cause bring it within the rule as established in *Union Savings Bank* v. *Taber*, 13 R. I. 683. As was pointed out in that case by Durfee, C. J., the statute of limitations in this State is not merely a limitation to a right of entry or action but serves when the conditions named therein are fulfilled to transfer title. The conditions so far as pertinent in the instant case are that the claimants or those from whom they derive title shall have been for the space of ten years "in the uninterrupted, quiet, peaceful and actual seisin and possession . . . for and during the said time, claiming the same as his, her or their proper, sole, and

rightful estate in fee simple . . . ." These conditions have been abundantly fulfilled by the complainants. Three of the parcels of land were conveyed by warranty deed and the grantees entered thereunder claiming exclusive possession. This is the equivalent of actual disseizin, *Union Savings Bank* v. *Taber, supra.* As to the fourth parcel, while it has not been conveyed by warranty deed, John Babcock in his lifetime claimed and exercised such complete possession and dominion as the character of the land permitted. *Dodge* v. *Lavin,* 34 R. I. 409. When about forty years ago he cut the wood thereon he took for his own use the principal value of the land at that time. By this act and the continued use of the land as a source of supply for fuel he exercised a possession "so overt or notorious that the co-tenant may be presumed to have known of it." *Union Savings Bank* v. *Taber, supra.*

In 1926 the defect in the record title was discovered when an attempt was made to sell the parcel formerly belonging to George S. James, now held by the Rhode Island Hospital Trust Co. as trustee under his will. The respondent Richard H. Babcock testified that in a conversation with John E. Babcock he learned of the defect in the title and was told that his interest was worth something. He also testified to an interview with the attorney for the Rhode Island Hospital Trust Co. This testimony does not sustain the contention of the respondents that some of the complainants did not claim their possession was adverse. The negotiations, if they may be called such, with the said Richard H Babcock were manifestly to clear the record title by means of a compromise.

The respondents' appeal is denied and dismissed, the decree appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

*Percy W. Gardner, Ada L. Sawyer,* for complainants.
*Thomas H. Gardiner,* for respondents.