207 A.2d 294.
ARAM K. BERBERIAN *vs.* JOHN P. LEONARD, *Sheriff.*
FEBRUARY 15, 1965.
PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

PAOLINO, J. This is an amended petition for a declaratory judgment under the uniform declaratory judgments act, general laws 1956, chap. 30 of title 9. After hearing, the superior court entered a final decree denying and dismissing the petition. The cause is before us on the petitioner's appeal from such decree.

The petitioner is a member of the bar of this state. The petition was originally brought against John P. Leonard as sheriff, but prior to service of the citation, upon motion of the petitioner, Robert J. Connelly was substituted as the party respondent in his capacity as sheriff, he having succeeded respondent John P. Leonard in office.

The principal issue raised by this petition involves the question of the sheriff's entitlement to fees under G. L. 1956, §9-29-9. It may be pertinent to point out that by virtue of §§36-6-6 and 36-6-7 all fees collected by the sheriff become the property of the state.

The pleadings consist of the amended petition and respondent's answer thereto. On the view we take it will serve no useful purpose to discuss in detail the allegations therein. Suffice it to say that a controversy has arisen between petitioner and respondent, qua sheriff, with respect to certain fees which the latter claims petitioner owes for services rendered by the office of the sheriff for the county of Providence over a certain period of time.

The petitioner alleges in substance that he is not liable for the amount claimed by respondent; that he has refused to pay the amount claimed by him; that he fears respondent will refuse to serve further process for him; and that in the circumstances he will be unable to earn fees for services rendered pursuant to litigation instituted in behalf of his clients. He further alleges that his legal relations are affected by respondent's demands and therefore prays that

the superior court "declare his legal relations with respect to the premises."

In his answer respondent denies the material allegations of the petition and challenges petitioner's standing to bring it.

At the hearing in the superior court petitioner testified. While he was under cross-examination by respondent's counsel, the trial justice stated that he was going to take a short recess. After the recess he terminated the hearing, stating that nothing would be served by any further testimony. He therefore refused to enter a declaratory decree, pointing out in his decision that his refusal was in the exercise of his discretion pursuant to §9-30-6 which reads as follows:

"The court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if [rendered] or entered, would not terminate the uncertainty or controversy giving rise to the proceeding."

The petitioner contends under his reasons of appeal that the decision of the court upon which the decree is predicated is against the law. It appears from the transcript that the superior court decided in effect that neither petitioner nor the subject matter of the petition was properly before the court under the provisions of the uniform declaratory judgments act.

After careful consideration it is our opinion that petitioner has standing under §9-30-1 to bring the instant petition, and that under §9-30-2 the subject matter of this petition is within the contemplation of the act. In the circumstances petitioner is entitled to a full hearing on the merits. After such a hearing the superior court is given discretionary power under §9-30-6 of the act in determining whether to grant or deny the relief prayed for.

On the basis of the record before us we cannot declare the petitioner's "legal relations in the premises," as he requests in his brief. However, it is our opinion that in the peculiar circumstances of this case we should exercise our

general supervisory power and remand the cause to the superior court for a hearing de novo.

The petitioner's appeal is sustained, the decree appealed from is reversed, and the cause is remanded to the superior court for further proceedings in accordance with this opinion.

*Pontarelli & Berberian, Aram K. Berberian, John A. DeSano*, for petitioner.

*J. Joseph Nugent*, Attorney General, *Joseph L. Breen*, Chief Special Counsel, for respondent.