235 A.2d 336.

LENA TORTORELLA *vs.* ANNE V. TORTORELLA.

NOVEMBER 20, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

JOSLIN, J. This is a petition for certiorari to review an interlocutory order of the superior court directing the sale of a parcel of real estate. The writ issued, and although we directed the superior court clerk "to certify * * * the transcript of the record and all papers constituting the record * * *," the certified papers do not include a stenographic transcription of the evidence taken at the hearings. The failure of either party, however, to question the absence of that transcript as well as the view we take of the case permits us to overlook the deficiency.

The essential facts can be briefly summarized. The parties are unmarried daughters of Vincenzo and Oliva Tortorella. Their mother, Oliva, died prior to the commencement of this action, and their father, Vincenzo, while the case was pending here. His death was suggested on the record when the case was argued.

In 1960 Vincenzo and Oliva conveyed to defendant and another sister the dwelling house in which the parents together with their unmarried children, including the parties, continued to reside until the property was taken by eminent domain in 1962. It is alleged in the petition for certiorari, and defendant does not deny the allegations, that the conveyance was without consideration; that it was "for convenience purposes only"; and that it was made with the express purpose that the property be available as a family domicile for the parents and their unmarried children. Fol-

lowing the 1962 taking, the condemnation proceeds were applied toward the purchase of a new family domicile, title to which was taken in defendant's name. It replaced the condemned dwelling house and became the residence of plaintiff, as well as of her parents and the other unmarried children. In 1966 defendant agreed in writing to sell this property for $22,000. Thereupon, plaintiff commenced a civil action. Her theory was that defendant held the property in trust for the benefit of a class of family members one of whom she is, and by way of relief she asked that defendant be enjoined from transferring the property and that she be ordered to hold it in constructive trust as the family domicile.

In the superior court, the case was heard in part on the merits and then, in January 1967, before plaintiff had been given an opportunity to complete the presentation of her case, the order complained of was entered. That order dissolved a preliminary injunction which restrained defendant from in any manner transferring the family domicile; it directed defendant to convey the premises pursuant to the buy and sell agreement and to deposit the proceeds of the sale in the registry of the court; and it ordered a guardian ad litem, who had earlier been appointed to represent the father's interest, to act as a commissioner and convey the property in the event defendant refused to do so. Following the entry of that order, plaintiff applied for leave to file this petition. We issued the writ and stayed execution of the interlocutory order of January 1967.

The plaintiff in substance argues that the trial justice exceeded his jurisdiction when, without first permitting her to complete her case, he ordered the family domicile to be sold and thereby deprived her of the benefits which she claims are hers under the trust. Implicit in that argument is the further contention that a proportionate interest in

the proceeds from the sale would not suffice as a substitute to the right to live in the family domicile.

The defendant neither comes to grips with plaintiff's argument nor does she in any way attempt either to justify or to defend the order of January 1967. Instead, she concedes in her brief that "* * * it does not make any difference whether or not the Trial Justice erred in entering said Order * * *." The only defense she urges is that her father, Vincenzo, or some person acting in his behalf as his guardian, rather than plaintiff, is the only person who may enforce the trust, if indeed there be one. Her position, in short, is that plaintiff has no standing to maintain this action.

The obvious fault with the defendant's position is that it either misconceives or disregards the theory upon which the plaintiff is proceeding. The plaintiff's case is not predicated on any right of the father to enforce the trust, but on her own claim that the defendant holds the property in trust and that she as a beneficiary has the right to compel compliance with its terms. 1 Restatement, Trusts 2d, §199, p. 437. What she complains of is that the trial justice, without allowing her to present her case in full, ordered the corpus of the trust to be sold and thereby made it impossible for her ever to obtain those benefits which a complete presentation of her case might have established to be her just entitlement. There can be no question that the trial justice acted in excess of his jurisdiction. *Berberian* v. *Leonard*, 99 R. I. 274, 207 A.2d 294. His order, although interlocutory in form, had a finality with respect to the corpus of the alleged trust and the plaintiff's beneficial rights therein. To deprive her of those rights, without first giving her a full day in court, was to deny her a trial. That denial demands correction.

The petition for certiorari is granted, the order of January 1967 of the superior court is quashed, and the record

and papers certified are ordered returned to the superior court with direction that the hearing on the merits be completed.

*Kirshenbaum & Kirshenbaum, Howard I. Lipsey,* for petitioner.

*Kando & Sarkas, Moses Kando,* for respondent.