302 A.2d 301.

ARAM K. BERBERIAN *vs.* JOHN J. O'NEIL.

APRIL 4, 1973.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

KELLEHER, J. This declaratory judgment action was heard by a justice of the Superior Court. The plaintiff is an attorney. The defendant was, at the inception of this suit, the administrator of the Family Court.[1] The gist of the plaintiff's complaint is that the defendant had no authority to issue a directive requiring the payment of a ten-dollar entry fee for each divorce petition filed in the Family Court. The plaintiff has taken an appeal from the de-

---

[1] The defendant has retired. There has been no attempt to substitute his successor as party defendant.

nial of his motion for a summary judgment and the entry of judgment for the defendant.[2]

The trial justice rested his action on three grounds. They were: (1) his doubt that the administrator had promulgated a rule calling for the payment of the ten-dollar fee; (2) his belief that when the General Assembly in 1971 authorized the increase of certain fees charged in the Superior Court, it actually had in mind fees payable to the Family Court; and (3) his thought that the Superior Court could not review the rules of the Family Court. The trial justice erred.

Summary judgment is designed for an expeditious disposition of cases. It avoids a useless trial in that it allows a prompt disposition of controversies on their merits when there is no dispute as to the salient facts. 3 Barron & Holtzoff, *Federal Practice & Procedure* §1231 (Wright ed. 1958); 6 Moore, *Federal Practice* ¶56.15 [1] (2d ed. 1972). In ruling on a motion for summary judgment, the court's duty is to determine whether there is a genuine issue of material fact, not how that issue should be decided. The point upon which the summary judgment procedure pivots is issue finding not issue determination. *Slefkin* v. *Tarkomian,* 103 R. I. 495, 238 A.2d 742 (1968). In resolving that question, Super. R. Civ. P. 56(c) requires that the pleadings be examined in order to ascertain the issues and thereafter such documents as affidavits, admissions and answers to interrogatories be considered to determine the presence of any

---

[2]We are aware that the denial of a motion for summary judgment is interlocutory in nature and not immediately appealable. *Fisher* v. *Sun Underwriters Ins. Co.,* 55 R. I. 175, 179 A. 702 (1935). However, the Superior Court entered judgment in this case for the defendant even though the record fails to disclose any cross motion being filed. The practice of allowing summary judgment to be entered for a nonmoving party finds overwhelming judicial support. 1 Kent, *R. I. Civ. Prac.* §56.10 at 424 (1969); Wright & Miller, *Federal Practice and Procedure: Civil* §2210 at 468 (1973).

real dispute as to the material facts. If the record discloses no factual dispute, it is the trial justice's duty to grant the motion if it is in accord with the applicable law. *Kirby, Inc.* v. *Weiler,* 108 R. I. 423, 276 A.2d 285 (1971).

At no time has defendant contradicted plaintiff's assertion that he (defendant) had ordered the imposition of the ten-dollar entry fee. The sole issue presented to the trial justice was a question of law: · Did defendant have authority to order the imposition of the entry fee for each divorce petition filed in the Family Court? The trial justice could not deny plaintiff's motion because plaintiff failed to present the court with a copy of the rule. The plaintiff was not required to offer proof on a matter about which there was no dispute.

House Bill 1256 was introduced at the January, 1971 session of the Legislature; and enacted into law as P. L. 1971, ch. 147. Attached to the bill was an explanation of its contents. The explanation, which was prepared by the Legislative Council, states that the bill would increase the fees charged in the Superior and. District Courts. While the explanation is not conclusive, it does afford some insight as to the legislative intention. *Isserlis* v. *Director of Public Works,* 111 R. I. 164, 300 A.2d 273 (1973). The portion of the bill that is relevant to this appeal reads as follows:

> "Section 1. Sections 9-29-18 and 9-29-1 of the general laws in chapter 9-29 entitled 'Fees' are hereby amended to read as follows:
>
> "9-29-18 Superior Court Fees.—The superior court shall be allowed the following fees in full to be taxed in the bill of costs·in every civil action: For the entry of every action, bill or petition at law, in equity, in domestic relations or other civil action............ $10.00."

The trial justice observed that, since the Superior Court's jurisdiction in the field of domestic relations had been transferred in 1961 to the Family Court, the reference to "in do-

mestic relations" means the Family Court. We cannot agree.

The obvious purpose of the 1971 amendment was to increase the fees charged in the Superior Court. The defendant gains no benefit from G. L. 1956 (1969 Reenactment) §8-10-43. This is the section which provides that whenever in any of the general or public laws the words "Domestic relations court" or "Court of domestic relations" are used, such terms shall mean "Family Court." It also states that when reference is made in title 15 of the General Laws to the "Superior Court" such reference shall mean the "Family Court." Section 9-29-18 speaks of a "petition" "in domestic relations," not a petition in the Domestic Relations Court. The provisions calling for an increase of fees in the Superior Court are found in title 9, not title 15. The so-called savings clause language of §8-10-43 cannot serve as a basis to cover the General Assembly's 1971 oversight.

The trial justice's reluctance to sit in judgment of the internal business affairs of the Family Court is understandable. However, this is a declaratory judgment action. Jurisdiction to entertain such proceedings is vested solely in the Superior Court. Section 9-30-1. Earlier, we have ruled that the legality of fees charged by the sheriff of Providence County was a proper subject for a declaratory judgment. *Berberian* v. *Leonard*, 99 R. I. 274, 207 A.2d 294 (1965). What was said about the sheriff's fees holds true for the Family Court's entry fee.

Before us, the defendant argued that the rule-making power conferred on the Family Court by reason of §8-6-2 gives the court the inherent power to fix a ten-dollar entry fee. The difficulty with this proposition is a specific portion of §8-6-2 which specifically states that the rules of the Superior, Family or District Court will become effective only after they have been approved by this court. An ex-

amination of the record discloses that no such rule has been submitted to this court for our consideration. Furthermore, the powers and duties of the administrator are spelled out in §8-10-15. There is nothing in that section which would permit the court's administrator to usurp the court's rule-making power.

The plaintiff's appeal is sustained. The judgment appealed from is vacated and the case is remanded to the Superior Court for the entry of a judgment consistent with this opinion.

Mr. Justice Powers participated in the decision but retired before its publication. Mr. Justice Doris did not participate.

*Berberian and Tannenbaum, Aram K. Berberian,* plaintiff, pro se.

*Richard J. Israel,* Attorney General, *W. Slater Allen, Jr.,* Asst. Attorney General, for defendant.