333 A.2d 424.

GEORGE B. McCLELLAN *et ux. vs.* MARGUERITE E. THOMPSON *et al.*

MARCH 3, 1975.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

PAOLINO, J. On June 9, 1972, the plaintiffs filed this complaint. It is a civil action seeking injunctive relief against the members of the East Providence City Council, the Director of Public Works of that city, the Narragansett Electric Company, the New England Telephone and Telegraph Company, and several owners of land abutting Pleasant Street in East Providence.

## The Facts

The complaint filed by plaintiffs consists of three counts. Count I is addressed to the action of plaintiffs against abutting property owners. The plaintiffs allege that they are the owners of certain real estate abutting on Pleasant Street, a public highway in East Providence, situated between the intersections of Pleasant Street and Miller Avenue, and Pleasant Street and Newman Avenue; that the individual defendants are also owners abutting Pleasant Street in that location; that Pleasant Street is a public highway having a width of 49.5 feet or 50 feet; that the individual defendants have caused obstructions to be placed in Pleasant Street preventing the use of much of its width for vehicular and other traffic; and that such obstructions constitute a public nuisance which peculiarly affects plaintiffs' use of the public highway and the enjoyment and value of their property. The plaintiffs seek a mandatory injunction against continued obstruction of the highway and request further that these defendants be ordered to remove the alleged existing obstructions.

Count II deals with plaintiffs' claims against Narragansett Electric and New England Telephone and Telegraph companies. The plaintiffs allege that these defendants have erected poles within the width of Pleasant Street which prevent plaintiffs and others from passing over the width of Pleasant Street by vehicular traffic and other means. They further allege that said obstruction constitutes a nuisance which peculiarly affects them. They seek the same relief here as they did in Count I.

Count III deals with plaintiffs' claims against the city of East Providence. It contains, in part, the following allegations. On or about May 10, 1971, plaintiffs filed a petition with the Director of Public Works of East Providence requesting that curbing at plaintiffs' expense be installed for a sidewalk to a depth of 10 feet in front of their property. No action was taken by either the director of public works or the city council on plaintiffs' petition. The city of East Providence has installed curbings for some of the abutting landowners in that area, so that sidewalks in front of their property could be installed, such sidewalks being 10 feet in width. The plaintiffs pray that the court order the director of public works and the city council to install granite curbing in front of their property as requested.

The defendants filed answers in which they admit some of the allegations made by plaintiffs, deny some, and state that they are unable to admit or deny others. In addition, the director of public works and the city council further answer that before curbing could be installed on plaintiffs' side of the public street the layout and grade would have to be established and approved by the city council; that a hearing was held on a petition to layout and grade Pleasant Street from Newman Avenue to Miller Avenue on March 20, 1972, and after hearing thereon the city council rejected the application to layout and grade; that

such determination by the city council was a legislative determination made by the council on a matter within its sole jurisdiction; and that plaintiffs were seeking to substitute their judgment for that of the city council.

The matter came on for hearing on January 26, 1973, before a justice of the Superior Court sitting without a jury. At that hearing plaintiffs introduced evidence to support the allegations made in their complaint. The evidence presents, in part, the following facts. Pleasant Street is a platted street approximately 50 feet wide. It is presently macadamized to a width of approximately 19 feet in front of plaintiffs' property. It maintains approximately that pavement width for its length between Newman and Miller Avenues, although in some places it apparently widens to approximately 22 feet. The paved area meanders along the platted area of the street. Utility poles, placed and maintained by defendant utility companies, are located adjacent to the meandering paved area. These poles are located within what would be the traveled area of the street if the right-of-way were laid out and graded to its full width.

The evidence presented by plaintiffs further indicated that the paved area in front of plaintiffs' property comes to a point approximately 6 feet from their property. Since the paved area at this location is approximately 19 feet wide, there remains an area of approximately 24 feet which has been cultivated by the landowners between the paved area and the line of the property opposite plaintiffs' property. Similar conditions of private cultivation and obstructions by the various defendant property owners exist all along Pleasant Street between Newman and Miller Avenues.

The plaintiffs testified that in 1967 they filed a petition to have the layout and grade of Pleasant Street established by the city council, that a plan of the layout and

grade was drawn, but that no definitive action was taken by the city council until March 20, 1972, when the petition was denied. In connection with this petition, plaintiffs introduced into evidence before the city council a letter from the East Providence Traffic Engineer urging that the roadway be widened to the width of 30 feet. They also introduced a letter from the director of public works pointing out the insufficiencies of the existing roadway width and recommending that the street be laid out and graded and that it be constructed accordingly.

The plaintiffs further testified that in 1971 they filed a petition with the city council to have, at their own expense, 300 feet of curbing installed in front of their property but never received any reply to this request. They also testified that there were other portions of Pleasant Street between Newman and Miller Avenues where curbing had been installed, which testimony was substantiated by the testimony of the director of public works. They also testified as to the dangerous conditions of travel which exist on this street because of the conditions which they asked the city to remedy.

The plaintiffs called the director of public works as a witness. He testified that the only reason the curbing request could not be granted was that if it were placed where it should be, it would be about 7 feet out into the paved roadway. He also testified that the city had improved and maintained the street for over 70 years.

At the close of plaintiffs' case, each of the defendants moved that the action be dismissed as against them. These motions were made pursuant to Super. R. Civ. P. 41(b)(2) on the ground that upon the facts and the law plaintiffs had shown no right to relief. On January 29, 1973, after argument of counsel, the trial justice granted defendants' motions.

## The Travel of the Case

The nature of some of the issues raised by this appeal requires a rather detailed discussion of the travel of this case. It appears that no judgment was entered by the clerk of the Superior Court following the trial justice's decision, as provided for in Super. R. Civ. P. 58(a). Nothing further was done in the matter until plaintiffs, on February 23, 1973, presented a judgment to the trial justice which was signed by him on that date and also by the clerk. The judgment was entered on February 23, 1973. From this judgment, plaintiffs filed notices of appeal, one on February 28, 1973, and a second one, which was more specific, on March 9, 1973. The notice of appeal filed on March 9, 1973, expressly states that it is an appeal to this court from the judgment entered on February 23, 1973.[1]

On March 13, 1973, after learning of the entry of the judgment on February 23, 1973, defendants filed a motion for entry of judgment nunc pro tunc to be effective as of January 29, 1973, the date of the decision granting their motion to dismiss. At the same time they filed a motion to strike plaintiffs' notice of appeal from the February 23, 1973 judgment on the ground that the 20-day appeal period had expired.

A hearing was held on these motions on April 6, 1973, before the same trial justice who heard the case originally. He granted the motions, saying that there had been a clerical error which he was going to correct by granting defendants' motions.

On April 11, 1973, an order was entered granting de-

_____

[1]The plaintiffs state that they filed their appeal under Super. R. Civ. P. 73. However, the adoption of the new rules of the Supreme Court, effective September 1, 1972, renders Rule 73 redundant. Rule 73 was superseded on December 6, 1972, effective September 1, 1972, as ordered by the Supreme Court on December 20, 1972. Thus this appeal is here under the provisions of Supreme Court Rules 3 and 4.

fendants' motions in accordance with the trial justice's decision and, on the same day, a judgment was entered "for all defendants against all plaintiffs on all claims effective January 29, 1973."

On April 19, 1973, within 20 days after the entry of the above judgment and order, plaintiffs filed a notice of appeal from the judgment and order entered on April 11, 1973.

## I

We consider first plaintiffs' contention that the trial justice erred in entering the judgment dated April 11, 1973, and the order striking plaintiffs' notice of appeal dated April 11, 1973. We believe there is merit to plaintiffs' position and for the reasons that follow we hold that the judgment entered on April 11, 1973 is erroneous.

Super. R. Civ. P. 58(a), in pertinent part, provides:

"* * * upon a decision by the court * * * that all relief shall be denied, the clerk, unless the court otherwise orders, shall forthwith prepare, sign, and enter the judgment without awaiting any direction by the court; * * * Every judgment shall be set forth on a separate document. A judgment is effective and shall be deemed entered when so set forth and signed by the Clerk."

In 1 Kent, *R. I. Civ. Prac.* §58.1 at 431 (1969), Kent states:

"The entry of judgment is of great importance, for it is from the date thereof that the periods of time begin to run during which a party may move for a new trial, appeal, or seek relief from the judgment. Rule 58 is designed to provide a procedure for entry of judgment which will leave no doubt as to when these subsequent steps may be taken. Every judgment must be set forth on a separate document to avoid any question as to what is the judgment and when it is entered. The judgment becomes effective when it is so set forth and is signed by the clerk."

The significance of the plain language of Rule 58(a) has been clearly set forth in Professor Kent's commentary and needs no further amplification. We merely repeat for emphasis that the rule requires that the judgment be set forth on a separate paper and that it not become effective until so set forth and signed by the clerk. Until a judgment is entered, no appeal can be taken, and an appeal filed before the entry of judgment on a separate paper is premature and subject to dismissal. *East Providence Credit Union* v. *Brown*, 104 R. I. 92, 242 A.2d 428 (1968). *See also Malinou* v. *Kiernan*, 105 R. I. 299, 251 A.2d 530 (1969).

Super. R. Civ. P. 77(d)[2] provides that when judgment is entered in open court in the presence of the parties or their counsel, no notice of entry of judgment is required. Otherwise Rule 77(d) requires the clerk to serve notice of entry of judgment by mail upon each party not in default for failure to appear. However, as Professor Kent points out in 1 Kent, *R. I. Civ. Prac.* §58.4 at 433 (1969), failure of the clerk to comply with this requirement does not void the judgment. Nor is there anything in the Superior Court rules which prohibits a party from doing what plaintiffs did here when the clerk failed to enter a judgment as required by Rule 58(a).

Furthermore, it would be unreasonable to construe the

---

[2]Super. R. Civ. P. 77(d) reads as follows:

"(d) Notice of Orders or Judgments. Immediately upon the entry of an order or judgment the clerk shall serve a notice of the entry by mail in the manner provided for in Rule 5 upon each party who is not in default for failure to appear, and shall make a note in the docket of the mailing. Such mailing is sufficient notice for all purposes for which notice of the entry of an order is required by these rules; but any party may in addition serve a notice of such entry in the manner provided in Rule 5 for the service of papers. No notice need be served if an order or judgment is entered in open court in the presence of the parties or their counsel."

Superior Court rules to mean that a party to an action should be penalized because of the clerk's failure to perform a ministerial duty imposed upon him by the rules. As noted above, plaintiffs could not claim an appeal until the entry of judgment. Upon learning that the clerk had failed to enter the judgment as he was obliged to do under Rule 58(a), they did the only thing that could be done under the circumstances. The judgment presented by plaintiffs to the trial justice and entered by the clerk on February 23, 1973, was a valid judgment from which plaintiffs have taken a timely appeal. The trial justice had no authority to fault that judgment. On the face of the record then before him he erred in granting defendants' motion for entry of a nunc pro tunc judgment and in providing that judgment should enter effective January 29, 1973. He also erred in granting defendants' motion to strike plaintiffs' notice of appeal. In the circumstances, his reliance on Super. R. Civ. P. 60(a)[3] is misplaced. That rule is not applicable here. To hold otherwise would authorize a judicial abolition of Rule 58 in its entirety and thereby vitiate its meaning and purpose.

## II

The plaintiffs' next contention is that the trial justice erred in granting defendants' motions to dismiss at the conclusion of plaintiffs' case.

We shall consider first the action against the city. Count

---

[3]Super. R. Civ. P. 60(a) reads as follows:

"(a) Clerical Mistakes. Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court."

III of the complaint is the only count which applies to the city. The facts before the trial justice showed that plaintiffs had petitioned the city council to have Pleasant Street laid out and graded, that this petition was denied, that no appeal was taken from such denial, that plaintiffs had petitioned the city to have curbing installed in front of their property at their expense, and that other property owners on Pleasant Street had sought and been granted curbing in front of their property.

In approving the council's denial of plaintiffs' request for the curbing, the trial justice said the reason curbings were not granted was obvious — the council could not approve the petition until the layout and grade had been established.

Before discussing the claims made by plaintiffs, we note that the only question before us relates to the denial of plaintiffs' request for a curbing; the question of the denial of their petition to lay out and grade Pleasant Street is not before us since no appeal was taken from the council's denial of that petition.

General Laws 1956 (1968 Reenactment) ch. 7 of tit. 24, delegates to the cities and towns discretionary power to establish sidewalks and curbing. The transcript shows that the city engineer testified that curbing could not be recommended in front of plaintiffs' property because it would create a traffic hazard and because the council had denied the petition to lay out and grade. The plaintiffs admit in their brief that a property owner may not have curbing installed in a public way without the consent of the municipal authorities. However, they argue that since other property owners on Pleasant Street had sought and been granted curbing in front of their property, the city's denial of their petition deprived them of equal protection of the law in violation of the equal protection clause of the fourteenth amendment to the Federal Constitution.

The plaintiffs' constitutional challenge is not before us in the absence of a showing that they properly raised this question in the Superior Court. *American Textile Co.* v. *DeAngelo*, 83 R. I. 234, 115 A.2d 349 (1955). On this record, we find no error in the trial justice's ruling with respect to the action against the city.

### III

We come now to plaintiffs' actions against the abutting property owners and the two public utilities. The trial justice found that plaintiffs had failed to establish the allegations on which they based their actions against defendants. We agree with the trial justice's findings that there was no evidence of any impediment to travel on the paved portion of the road as a result of the alleged encroachments; hence plaintiffs did not meet the burden of showing a public nuisance peculiarly harmful to them. We note also that there was no evidence introduced to indicate that plaintiffs' property was devaluated as a result of the existing condition.

The plaintiffs also challenge the correctness of certain evidentiary rulings made by the trial justice excluding certain testimony. We have examined and considered the rulings and the plaintiffs' contentions with respect thereto. It is our belief that the questioned rulings were correct. But, we are convinced that, even if erroneous, they were not prejudicial, and therefore see no reason for any extended discussion of the plaintiffs' arguments with respect to those rulings.

The plaintiffs' appeal from the order entered on April 11, 1973, granting the entry of judgment nunc pro tunc and striking the plaintiffs' appeal is sustained, and the order appealed from is reversed. The plaintiffs' appeal from the judgment entered on February 23, 1973, granting the defendants' motion to dismiss the plaintiffs' com-

plaint on the merits is denied and dismissed, and the judgment appealed from is affirmed.

Petition for reargument denied.

*James M. Shannahan, David J. Kehoe,* for plaintiffs.

*Hinckley, Allen, Salisbury & Parsons, Robert W. Lovegreen, Michael P. DeFanti; James P. McElroy, Jr.; Tillinghast, Collins & Graham, DeWitte T. Kersh, Jr., Victor J. Orsinger II; Joseph T. Little,* Asst. City Solicitor for defendants.