[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Before this court is defendant's motion for summary judgment on his counterclaim pursuant to Super. Ct. R. Civ. P. Rule 56.
FACTS AND TRAVEL OF THE CASE
On April 20, 1986, Thomas M. Howarth and Gina G. Howarth ("plaintiffs") entered into a Purchase and Sale Agreement with defendant. Plaintiffs agreed to buy, and defendant agreed to sell, defendant's property located at 23 Castle Drive, Cranston, R.I. According to the agreement the parties agreed to a purchase price of $65,500, of which $3,000 would be paid at the time of the agreement. Plaintiffs would pay the remaining $62,500 at the time of the delivery of the deed, set for June 15, 1986 (Exhibit C, plaintiff's response to defendant's motion to compel production).
Following the signing of the agreement, plaintiffs and defendant conversed on several occasions concerning the inspection and appraisal of the house, the plaintiffs' efforts to secure a mortgage, and the status of the $3,000 deposit, which was not paid on April 20, 1986. (Defendant's Answer to Interrogatories; Plaintiffs' Response to Interrogatories). During one of those conversations, the closing date was extended to June 20, 1986. (Plaintiffs' Response to Interrogatories). This closing never took place. Thereafter defendant sold the property to another party. On July 7, 1986, after defendant had sold the property, plaintiffs informed defendant that they were ready, willing, and able to perform under the terms of their agreement.
Plaintiffs filed their complaint with this court on August 21, 1986, seeking specific performance and/or damages for defendant's alleged breach of the agreement. On August 27, 1986, defendant filed an answer denying plaintiffs' allegations. Defendant also filed a counterclaim, seeking damages for plaintiffs' alleged breach.
On November 2, 1987, defendant filed a request for production of various documents pertaining to the Purchase and Sale Agreement. After plaintiffs' repeated failures to fully comply with the request and subsequent orders compelling production, this Superior Court, Needham, J., entered judgment on November 15, 1988, in favor of defendant, dismissing plaintiffs' complaint in its entirety. At this time, the court awarded defendant $500 in attorney's fees and allowed defendant's counterclaim to survive.
On May 9, 1989, this Superior Court, Needham, J., denied plaintiffs' motion to vacate judgment. The court granted defendant's motion for issuance of execution on November 15, 1989. The court also denied defendant's motion to hold plaintiffs in contempt for failure to pay the $500 in attorney's fees. On July 17, 1990, defendant filed the instant motion for summary judgment on his counterclaim. This motion has been continued for over a year while plaintiffs obtained new counsel.
DISCUSSION
Summary judgment is a drastic remedy which should be granted only when an examination of the evidence "reveals no issue of material fact, and the moving party is entitled to judgment as a matter of law." O'Hara v. John Hancock Mutual Life InsuranceCo., 574 A.2d 135, 136 (R.I. 1990). When reviewing a motion for summary judgment, courts shall view the evidence in the light most favorable to the opposing party. Mullins v. Federal DairyCo., 568 A.2d 759, 761 (R.I. 1990). The courts may not consider the weight or credibility of the evidence. Mullins, supra at 761.
The party in opposition to the motion bears the burden of proving the existence of a dispute of material fact. TrendPrecious Metals v. Sammartino, 577 A.2d 786 [577 A.2d 986] (R.I. 1990). While the court cannot consider the weight or credibility of the evidence, the non-moving party must present competent evidence and not simply "rest upon the mere allegations or denials of his pleadings." Steinberg v. State, 427 A.2d 338, 340 (R.I. 1981).
The moving party must present competent evidence which support his allegations to avoid the granting of summary judgment in favor of the non-moving party. Berberian v. O'Neil,302 A.2d 301 (R.I. 1973); Thomas v. Rose, 477 A.2d 980 [477 A.2d 950] (R.I. 1984). The Rhode Island Supreme Court has ruled that the Superior Court has the authority to grant summary judgment against the moving party and in favor of the party in opposition where there is no issue of fact and the non-moving party is entitled to judgment as a matter of law. Berberian, supra at 302.
Before determining if plaintiffs are liable to defendant, this court must decide whether a contract existed between the parties. Plaintiffs claimed to have paid the $3,000 deposit by check and that the check was returned by plaintiffs' bank endorsed by defendant. The facts, as they appear in the record, indicate otherwise. Despite repeated requests, plaintiffs never produced the check at issue.
Defendant next contends that if the failure to pay the deposit constituted a lack of consideration making the contract unenforceable, plaintiffs have breached their common law duties to the defendant through deceit and interference with contractual relations. Alternatively, defendant argues that if a contract existed, plaintiffs breached the contract by failing to pay the deposit and by failing to close on the appointed date.
The facts of this case indicate that plaintiffs promised to buy and defendant promised to sell the property. This court is satisfied that the mutual promises of the parties constituted valid consideration for a valid contract, despite plaintiffs' failure to pay the $3,000 deposit. This conclusion comports with the decisions reached by the jurisdictions which have ruled on the issue. In Atlanta Six Flags Partnership v. Hughes,381 S.E.2d 605, 607 (Ga. App. 1989), the court found that the defendant's failure to pay the deposit on a real estate agreement did not result in a failure of consideration since the plaintiff's promise to sell was supported by defendant's promise to buy. Accordingly, in the instant case, the court finds a valid contract existed and plaintiffs breached this contract.
The next issue is whether defendant is entitled to damages. The Purchase and Sale Agreement provides that:
 upon default by the Buyer, the seller shall have the right to retain the deposit, such right to be without prejudice to the right of the seller to require specific performance or the payment of damages, or to pursue any remedy, legal or equitable, which shall accrue by reason of such default. (Exhibit C, plaintiffs' response to defendant's motion to compel production).
An agreement to fix damages, made in advance,[1] will be enforced when the harm caused by the breach is difficult to estimate and when the amount fixed as liquidated damages is a reasonable forecast of the actual harm. Restatement of contracts § 339(1);[2] Muirhead v. Fairlawn Enterprises, Inc.,48 A.2d 414 (R.I. 1946); Cavanaugh v. Conway, 90 A. 1080 (R.I. 1914).
Comment e to the Restatement § 339 states that:
 if the parties honestly but mistakenly suppose that a breach will cause harm . . . when in fact the breach causes no harm at all . . . their advance agreement fixing the amount to be paid as damages for the breach is within the rule stated in subsection (1) and is not enforceable.
The Restatement (Second) of Contracts § 356 reaffirmed this principle, stating in comment b that if "it is clear that no loss at all has occurred, a provision fixing a substantial sum as damages is unenforceable."
With respect to whether an otherwise valid liquidated damages clause will be enforced when in fact no damages result, a number of jurisdictions have followed the reasoning of the Restatement.[3] This rule is based on the principle which states that the purpose of awarding contract damages is to place the injured party "in the position he would be in had the contract been performed." Lind Building Corp. v. PacificBellevue Developments, 776 P.2d 977, 983 (Wash. App. 1989). Since "liquidated damages must compensate for loss rather than punish for breach," to enforce a liquidated damages clause where, in fact, no damages have occurred would amount to an unjust punishment. Space Master International, Inc. v. City ofWorcester, (1st Cir. DK 90-2113) (quoting Priebe Sons, Inc.v. United States, 332 U.S. 407, 413 (1947).[4] Therefore if defendant has not produced competent evidence of damages, he is not entitled to recover the deposit which was never paid.
This court finds that defendant suffered no damages reasonably related to the $3,000 liquidated damages clause. Defendant sold the property April 20, 1986, the same day plaintiffs failed to close. (Defendant's Answers to Interrogatories). Originally, defendant asserted that the third party purchased the property for $67,000, a $1,500 profit. (Defendant's Answers to Interrogatories). This was the same price defendant told plaintiffs he was planning to sell the property for if plaintiffs failed to close. (Plaintiffs' Response to Interrogatories). Now, in his most recent affidavit, defendant alleges to have lost $350 through his subsequent sale to a third party. Defendant provides no supporting evidence for his "simple allegation" Steinberg, supra. This court, viewing the evidence in the light most favorable to plaintiffs, finds that defendant made a profit and not a loss on his resale. To award him damages would result in unjust enrichment, which this Court will not do. Therefore this Court denies defendant's claim for the $3,000 deposit. Seekins v. King, 17 A.2d 869, 66 R.I. 100, 105 (1941).
Further, defendant seeks $1,700 in mortgage payments that he allegedly lost due to plaintiffs' breach. This claim is without merit. The Purchase and Sale Agreement set June 15, 1986 as the closing date. Defendant sold the property on June 20, 1986. Defendant was obligated to pay the May and June payments whether plaintiffs breached or not.
Defendant has failed to produce evidence establishing any damage due to plaintiffs' breach. Therefore, defendant is not entitled to the $3,000 deposit or the "incidental damages" sought. Restatement of Contracts § 339(1); Norwalk Door CloserCo., supra at 268.
Defendant has also sought punitive damages from plaintiffs. Punitive damages in a breach of contract suit are not appropriate "absent the most egregious circumstances." O'Coin v. WoonsocketInstitution Trust Co., 535 A.2d 1263, 1266 (R.I. 1988) InPeckham v. Hirschfeld, 570 A.2d 663, 669 (R.I. 1990) the court held that punitive damages are only appropriate "when the defendant has acted maliciously or in bad faith." As this court finds that this case does not present "egregious circumstances" or that plaintiffs acted "maliciously or in bad faith," it rejects defendant's claim for punitive damages.
Finally, defendant seeks attorney's fees from plaintiffs for pursuing this motion. Pursuant to R.I.G.L. § 9-1-45, however, the court may award attorney's fees only to a prevailing party. Defendant has not prevailed on this motion and defendant's request for attorney's fees is denied.
After careful consideration of the pleadings, affidavits, and arguments of counsel, this court finds that no dispute of material facts exists. The facts indicate that, though plaintiffs breached the agreement, defendant suffered no loss. This court finds that as a matter of law, defendant is not entitled to damages, neither the deposit nor the punitive damages. Further, defendant is not entitled to attorney's fees since he is not the prevailing party. Accordingly, plaintiffs are entitled to judgment as a matter of law.
Counsel shall prepare an order in conformity with this decision.
[1] 77 Am.Jur.2d Vendor and Purchaser § 25 p. 199. See alsoCowman v. Allen Monuments, Inc., 500 S.W.2d 223, 227 (Tex. 1973)Cloniger v. Cloniger, 193 S.E.2d 647, 651 (S.C. 1973); Ragan v.Schreffler, 306 S.W.2d 494, 499 (Mo. 1957); Century 21 AllWestern Real Estate Investment Inc. v. Webb, 645 P.2d 52, 55 (Ut. 1982); Thompsen v. Glenn, 398 P.2d 710, 712 (Nev. 1965);Craigmile v. Sorenson, 56 N.W.2d 965 (Minn. 1953); Hotze v.Schlanser, 102 N.E.2d 131, 133 (Ill. 1951).
[2] Restatement of Contracts § 340 provides that "a sum of money deposited by a promisor as security for performance by him and against loss to the other party, to be forfeited in case of breach, may be either a penalty or liquidated damages in accordance with the rule stated in § 339(1)."
[3] See Colonial at Lynnfield, Inc. v. Sloan, 870 F.2d 761, 765 (1st Cir. 1989); Shapiro v. Grinspoon, 541 N.E.2d 359, 365-366 (Mass. App. Ct. 1989); Norwalk Door Closer Co. v. EagleLock and Screw Co., 226 A.2d 263, 268 (Conn. 1966); Harty v.Bye, 483 P.2d 458, 463 (Ore. 1971); Freedman v. Rector, Wardens Vestrymen of St. Mathias Parish, 230 P.2d 629, 630 (Cal. 1951); Lind Building Corp. v. Pacific Bellevue Developments,776 P.2d 977, 982-983 (Wash. App. 1989); Wassenaar v. Panos,331 N.W.2d 357, 366-367 (Wis. 1983); Massman Construction Co. v.City of Greenville, 147 F.2d 925, 927-928 (5th Cir. 1945) TheColumbia, 197 F. 661, 664 (S.D. Ala 1912).
[4] For the opposing view see First National Bank ofBarrington v. Oldenburg, 427 N.E.2d 1312, 1318-1319 (Ill. App. 1981); Lawrence v. Demos, 244 P.2d 793, 800-802 (Wyo. 1952);Bruce Builders, Inc. v. Goodwin, 317 So.2d 868, 870 (Fla. App. 1975); Cowan, Inc. v. Meyer, 94 A. 18, 22 (Md. 1915).