CLASSIC ENTERTAINMENT
& SPORTS, INC.

v.

Scott PEMBERTON.

No. 2008–118–Appeal.

Supreme Court of Rhode Island.

Feb. 22, 2010.

Patrick F. Dowling, Esq., Providence, for Plaintiff.

Scott Pemberton, Pro Se.

Present: SUTTELL, C.J., GOLDBERG, FLAHERTY, and ROBINSON, JJ.

**O P I N I O N**

Justice ROBINSON for the Court.

The defendant, Scott Pemberton, appeals *pro se* from the Providence County

Superior Court's grant of summary judgment in favor of the plaintiff, Classic Entertainment & Sports, Inc. (Classic Entertainment). This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the written and oral submissions of the parties, we are of the opinion that the appeal may be resolved without further briefing or argument. For the reasons set forth below, we affirm the judgment of the Superior Court.

## I

### Facts and Travel

This case arose out of a dispute between Mr. Pemberton, a professional boxer, and the corporate entity that served as his promoter, Classic Entertainment. In its Superior Court complaint, Classic Entertainment alleged that, on March 7, 2002, the parties entered into a written contract, wherein they agreed that Classic Entertainment would have "the exclusive right to promote [defendant's] professional boxing career for three (3) years." Paragraph 6 of that contract provides that Classic Entertainment reserved the right to extend the contract for an additional three-year period if the company was able to successfully arrange for defendant to take part in any one of eight championship fights listed in the contract. Classic Entertainment's complaint alleged that, on January 23, 2004, defendant fought in the North American Boxing Federation title fight—one of the eight events specifically listed in the contract. In its complaint, the plaintiff corporation further alleged that, as a result of the fact that it had secured defendant's participation in that fight, the promotional contract was extended for an additional three-year period.

In its complaint, Classic Entertainment further alleged that, on September 15, 2005, Mr. Pemberton and Classic Entertainment entered into a written agreement with Gary Shaw Productions (GSP) with respect to a fight between defendant and Jeff Lacy for the International Boxing Federation Super Middleweight world title. In the complaint, Classic Entertainment alleged that, in the written agreement, GSP agreed to pay plaintiff one hundred fifty thousand dollars ($150,000) "for the delivery of the services of Scott Pemberton * * * to fight Jeff Lacy * * *." The plaintiff alleged that Classic Entertainment and Mr. Pemberton had orally agreed that Classic Entertainment was to retain twenty percent of Mr. Pemberton's earnings from the Jeff Lacy fight.[1] The plaintiff further alleged that, after the fight, "[p]ursuant to local boxing regulations,"[2] GSP issued its check for $150,000 solely to the order of Scott Pemberton. Classic Entertainment alleged that it has received no portion of Mr. Pemberton's $150,000 earnings from the Jeff Lacy fight.

Classic Entertainment commenced the instant action in the Providence County Superior Court on August 1, 2006. The first count of the complaint alleged breach of contract; in that count, Classic Entertainment alleged that it and Mr. Pemberton had reached an oral agreement whereby plaintiff was to retain twenty percent of Mr. Pemberton's earnings from the Jeff Lacy fight, which agreement was breached when defendant allegedly failed to deliver to plaintiff any portion of his earnings

1. A basic arithmetical calculation reveals that twenty percent of Mr. Pemberton's $150,000 earnings would be $30,000.

2. According to the record, the fight in question took place in Nevada.

from that fight. The second count of the complaint sounded in *quantum meruit* alleging that Classic Entertainment had provided promotional services to Mr. Pemberton in securing his fight with Jeff Lacy, but that Mr. Pemberton had failed to provide Classic Entertainment with any compensation for such services.

The plaintiff thereafter filed a motion for summary judgment in reliance upon Rule 56 of the Superior Court Rules of Civil Procedure. A hearing on that motion was held before a justice of the Providence County Superior Court on September 11, 2007. After considering the submissions and arguments of the parties, the hearing justice granted plaintiff's motion for summary judgment.[3] On September 24, 2007, judgment was entered in favor of plaintiff in accordance with the hearing justice's order. The defendant filed a timely notice of appeal. On appeal, defendant contends that the hearing justice erred in granting plaintiff's motion for summary judgment.

## II

### Standard of Review

In reviewing the granting of a motion for summary judgment, we conduct our review on a *de novo* basis; in doing so, we adhere to the same rules and criteria as did the hearing justice. *Estate of Giuliano v. Giuliano,* 949 A.2d 386, 391 (R.I. 2008). A hearing justice should grant a party's motion for summary judgment "if there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Lynch v. Spirit Rent–A–Car, Inc.,* 965 A.2d 417, 424 (R.I.2009); *see also Fiorenzano v. Lima,* 982 A.2d 585, 589 (R.I.2009). This Court reviews the evidence and draws "all reasonable inferences in the light most favorable to the nonmoving party." *Fiorenzano,* 982 A.2d at 589; *see also Planned Environments Management Corp. v. Robert,* 966 A.2d 117, 121 (R.I.2009); *Chavers v. Fleet Bank (RI), N.A.,* 844 A.2d 666, 669 (R.I.2004). In opposing a motion for summary judgment, the nonmoving party carries the burden of proving by competent evidence the existence of a disputed issue of material fact and "cannot rest on allegations or denials in the pleadings or on conclusions or legal opinions." *Accent Store Design, Inc. v. Marathon House, Inc.,* 674 A.2d 1223, 1225 (R.I.1996); *see also Fiorenzano,* 982 A.2d at 589; *Estate of Giuliano,* 949 A.2d at 391; *Chavers,* 844 A.2d at 669–70; *United Lending Corp. v. City of Providence,* 827 A.2d 626, 631 (R.I. 2003).

## III

### Analysis

The defendant challenges the hearing justice's decision to grant summary judgment against him, alleging that he never agreed to pay Classic Entertainment any proceeds from his purse in the Jeff Lacy fight.[4] Unfortunately for defen-

---

3. There is a dispute between the parties of almost Byzantine complexity concerning whether defendant's answers to certain requests for admission should have been vacated or were properly allowed to let stand. However, we need not and therefore do not reach the issue of whether defendant's admissions were properly admitted—because the hearing justice stated that she would have granted plaintiff's motion for summary judg-

ment "even if [she was] to disregard the admissions * * *."

4. We also note that, in his supplemental statement to this Court and at oral argument, defendant made several arguments regarding an arbitration clause in the original promotional contract and the applicability of the federal Professional Boxing Safety statute (commonly referred to as the Muhammad Ali Boxing Reform Act). *See* 15 U.S.C. § 6307e (2000). However, at no relevant time did

dant, however, he is checkmated by the basic rule that, in order to survive a motion for summary judgment, defendant was required, "by competent evidence, [to] prove the existence of a disputed issue of material fact." *See Estate of Giuliano,* 949 A.2d at 391; *see also Gliottone v. Ethier,* 870 A.2d 1022, 1027 (R.I.2005); *United Lending Corp.,* 827 A.2d at 631. In granting plaintiff's motion for summary judgment, the hearing justice explicitly stated that "Mr. Pemberton has failed to come forward with admissible evidence to demonstrate to me a genuine dispute about liability on that contract or the amount owed."

While the defendant argued at the summary judgment hearing that he "never agreed to give [Classic Entertainment] any amount of money," the defendant completely failed to produce any admissible evidence in support of that bald assertion. The record is clear that it remains unrebutted that Classic Entertainment "secured a professional boxing match between [the defendant] and one Jeff Lacy" and

that, pursuant to the terms of the parties' oral agreement, it was therefore entitled to twenty percent of the defendant's earnings from that fight. The plaintiff thus met its burden of establishing that there existed "no genuine dispute with respect to the material facts of the case." *See Estate of Giuliano,* 949 A.2d at 391. We perceive no basis in the record for holding that the hearing justice erred in granting summary judgment in favor of the plaintiff, Classic Entertainment.

## IV

### Conclusion

For the reasons stated in this opinion, we affirm the Superior Court's grant of summary judgment. The record may be returned to that tribunal.

defendant make a demand for arbitration, and he did not raise the federal statute as a defense when he was before the trial court. Accordingly, under our long-recognized

"raise or waive rule," we decline to consider these arguments. *See Waterman v. Caprio,* 983 A.2d 841, 847–48 (R.I.2009); *Dallman v. Isaacs,* 911 A.2d 700, 704 (R.I.2006).