**Supreme Court**
No. 2012-132-Appeal.

Luz N. Rivera                    :

v.                               :

Robert Viola alias et al.        :

**O R D E R**

The plaintiff, Luz N. Rivera, appeals from a Superior Court summary judgment and entry of final judgment in favor of Sally A. Bailey, one of the two named defendants in the case. The plaintiff was involved in an automobile accident with Bailey's vehicle, which was being driven at the time by the defendant Robert Viola, a valet driver. Before this Court, the plaintiff contends that the bailee/bailor relationship between the defendants should not preclude the plaintiff's potential recovery against both the defendants. However, although she filed a blanket objection in Superior Court in response to Bailey's motion for summary judgment, the plaintiff did not appear to press her objection at the hearing on the matter.

This Court previously has recognized that "[i]f a party fails to assert a legal reason why summary judgment should not be granted, that ground is waived and cannot be considered or raised on appeal." Dallman v. Isaacs, 911 A.2d 700, 704 (R.I. 2006) (quoting Grenier v. Cyanamid Plastics, Inc., 70 F.3d 667, 678 (1st Cir. 1995)). In Dallman, this Court stated that "it was incumbent upon [the] plaintiffs to inform the motion justice of the various legal arguments they now advance before this Court to preserve them for our review." Id. at 705. The plaintiff's "failure to do so forces [the

Court] to conclude that [the plaintiff has] waived [her] claims." Id. (citing Thomas v. Ross, 477 A.2d 950, 953 (R.I. 1984) ("holding that the party who fails to argue certain issues at trial may not assert those claims for relief at the appellate level")). Further, "[t]he party appealing an award of summary judgment cannot 'advance new theories or raise new issues in order to secure a reversal of the lower court's determination.'" Id. at 704-05 (quoting 10A Charles Alan Wright et al., Federal Practice and Procedure Civil: § 2716 at 282, 284, 286 (1998) and citing and quoting James W. Moore, Moore's Federal Practice § 56.41[3][c] at 56-303 (3d ed. 2006) ("As a general rule, arguments and evidence not presented in the [trial] court in connection with a summary judgment motion are waived on appeal and the appellate court will be unable to consider these materials in its review of the [trial] court's decision.")).

It is significant that, before this Court, the plaintiff does not explain her failure to appear at the scheduled hearing on Bailey's motion for summary judgment. By failing to appear at the hearing and inform the motion justice of the legal bases for her objection to the motion, the plaintiff has waived any arguments that she may present now to this Court.

The plaintiff's appeal is denied and dismissed and the judgment appealed from is affirmed.


Entered as an Order of this Court this *15th* day of *November 2012.*


By Order,


_____/s/_____
Clerk


**TITLE OF CASE:**      Luz N. Rivera v. Robert Viola alias et al.

**CASE NO:**      No. 2012-132-Appeal.
(PC09-4532)

**COURT:**      Supreme Court

**DATE ORDER FILED:**      November 15, 2012

**JUSTICES:**      Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**      N/A – Court Order

**SOURCE OF APPEAL:**      Providence County Superior Court

**JUDGE FROM LOWER COURT**:

     Presiding Justice Alice B. Gibney

**ATTORNEYS ON APPEAL:**

     For Plaintiff:    Richard P. Brederson, Esq.

     For Defendant Robert Viola:    David O. deAbreu, Esq.

     For Defendant Sally A. Bailey: Mark H. Burnham, Esq.
                                        Thomas A. Madden, Esq.