**Supreme Court**

No. 2015-11-Appeal.
(WC12-613)

Cathleen E. Curreri                    :

            v.                         :

Robert B. Saint et al.                 :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Tel. 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Cathleen E. Curreri            :

v.                             :

Robert B. Saint et al.         :

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Justice Flaherty, for the Court.**  The plaintiff, Cathleen Curreri, appeals from an entry of summary judgment in favor of the defendants, Robert and Linda Saint.  The plaintiff contends that the hearing justice erred when she granted the defendants' motion in limine to exclude a settlement stipulation that had entered in a prior District Court trespass and eviction action between the parties.  The plaintiff argues that the hearing justice should have taken judicial notice of the stipulation and that summary judgment was not appropriate in this case.  The matter came before this Court on November 3, 2015, pursuant to an order directing the parties to appear and show cause why the issues raised by this appeal should not summarily be decided.  After considering counsels' oral and written arguments, and after a thorough review of the record, we are of the opinion that cause has not been shown and that this case can be decided without further briefing or argument.  For the reasons given below, we affirm the judgment of the Superior Court.

# I

## Facts and Travel

There is no serious dispute about the facts of this case. The defendants Robert and Linda Saint own a house that Cathleen Curreri rented from them. According to Curreri, the Saints allowed mold to grow in the house, rendering it uninhabitable and damaging her furniture, clothing, and other personal property. Curreri was also in arrears with her rent. As a result, the Saints filed an eviction action against her in the District Court. Eventually, the parties settled the eviction action by filing a stipulation that was signed by all parties and the District Court judge. The stipulation provided that:

> "The parties agree that[:]
>
> "1) Landlords shall have possession provided that they A) waive any right to any balance that may be due, B) hire SERVPRO of Westerly to professionally remove inventory, remediate tenant's property – in coordination with her, and to indicate which property cannot be remediated that must be replaced.
> "2) Tenant shall provide a list with any receipts for damages resulting from the mold under the landlord's insurance.
> "3) That this matter shall be dismissed with prejudice with regard to past-due rent."

However, Curreri was not satisfied that the Saints had kept their end of the bargain and claimed that they had simply put her mold-laden personal property in a storage container outside the home. For that reason, she filed a negligence action in Superior Court, alleging that the Saints failed to maintain the house free from toxic mold and fungus. She also alleged that the Saints failed to inspect the property and failed to warn her about the mold.

The defendants responded by filing (1) a motion in limine to prevent Curreri from entering the parties' District Court stipulation into evidence to prove causation in this negligence

action and (2) a motion for summary judgment, arguing that Curreri could not prove that defendants caused the mold that ruined her personal property.

A hearing on the motions was held before a justice of the Superior Court. At the hearing, plaintiff's counsel acknowledged that he would not be presenting a causation expert in the case. Instead, plaintiff's counsel argued that the District Court stipulation was a final judgment about which the Superior Court should take judicial notice under Rule 201 of the Rhode Island Rules of Evidence. Counsel posited that the stipulation proved that the Saints had caused the damage to plaintiff's property because the Saints had "admitted" in the stipulation that there was mold in the home and that defendants were to repair the property that had been damaged by the mold. The defendants countered by arguing that the stipulation in no way proved that they admitted that they caused the mold in the house and further that the stipulation was also inadmissible because it was under the ambit of Rule 408 of the Rhode Island Rules of Evidence.[1]

After hearing from both sides, the hearing justice issued a bench decision. She granted defendants' motion in limine and barred the admission of the District Court stipulation because she found that the stipulation in the District Court was evidence of a compromised claim and therefore inadmissible under Rule 408. Having done so, the trial justice then ruled that because plaintiff could offer no other evidence of causation, summary judgment was appropriate as a matter of law. The plaintiff timely appealed to this Court. On appeal, plaintiff argues that the hearing justice erred because she was required to take judicial notice of the District Court

---

[1] That rule prohibits the admission of settlement offers and agreements. Under Rule 408 of the Rhode Island Rules of Evidence, "[e]vidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount."

stipulation under Rule 201 and that the hearing justice further erred when she granted defendants' motion for summary judgment.

## II

### Standard of Review

This Court "review[s] a hearing justice's grant of summary judgment de novo." Sisto v. American Condominium Association, Inc., 68 A.3d 603, 611 (R.I. 2013). This Court "will affirm the granting of 'a party's motion for summary judgment if there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.'" Zanni v. Voccola, 13 A.3d 1068, 1070-71 (R.I. 2011) (quoting Classic Entertainment & Sports, Inc. v. Pemberton, 988 A.2d 847, 849 (R.I. 2010)). A party opposing summary judgment has the burden to establish by competent evidence that material facts are in dispute. Gushlaw v. Milner, 42 A.3d 1245, 1251 (R.I. 2012). The admission of evidence is committed to the sound discretion of the trial justice. McGarry v. Pielech, 108 A.3d 998, 1005 (R.I. 2015).

### A

### Exclusion of the District Court Stipulation

We start by noting that we recognize that a court may take judicial notice of court records. See In re Michael A., 552 A.2d 368, 369-70 (R.I. 1989). However, "[n]ot every document that may have been placed in a court file at some time during the course of proceedings may properly be regarded as part of the record." Id. at 370. In examining Rule 201 of the Rhode Island Rules of Evidence on taking judicial notice, we have said that judicial notice should "only apply to those aspects of a court record that cannot be reasonably disputed." In re Michael A., 552 A.2d at 370. "These would include judgments previously entered by the court that have the effect of res adjudicata * * * pleadings or answers to interrogatories by a party,

which pleading or answer might constitute an admission (whether or not superseded by a later pleading or answer) * * *." Id. Under Rule 201(b), "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

Although a court may take judicial notice of court records, documents offered on that basis may be excluded by another rule of evidence. See Votolato v. Merandi, 747 A.2d 455, 461 (R.I. 2000) (noting that although evidence of a settlement agreement is both probative and material, it is generally not admissible to prove liability). The value of Rule 408 lies in the fact that it "facilitates an atmosphere of compromise among the parties and promotes alternatives to litigation." Votolato, 747 A.2d at 461.

However, we need not delve into a construction of the interplay between the rules of evidence to decide this case. That is so because there is nothing in the stipulation that establishes that defendants caused mold to accumulate on plaintiff's personal property. Indeed, the stipulation merely establishes that the parties came to an agreement in a disputed eviction action and in exchange for plaintiff leaving the premises, defendants would waive any right they may have had to past due-rent and they would attempt to remediate any property that plaintiff identified as destroyed by mold.

**B**

**Granting of Summary Judgment**

It is clear to us that once the trial justice properly excluded the stipulation dismissing the eviction action from any consideration in the negligence action, the case was ripe for summary disposition. It is a bedrock principle of tort law that "[t]o maintain a cause of action for

negligence, the plaintiff must establish four elements: (1) a legally cognizable duty owed by [the] defendant to [the] plaintiff; (2) breach of that duty; (3) that the conduct proximately caused the injury; and (4) actual loss or damage." Medeiros v. Sitrin, 984 A.2d 620, 625 (R.I. 2009). For the plaintiff to succeed on her claims, she was required to prove that the defendants' actions or inactions caused the mold in the home and on her property. Because the plaintiff conceded that there was no other evidence on the element of causation, the hearing justice correctly granted the defendants' motion for summary judgment. See Mills v. State Sales, Inc., 824 A.2d 461, 473 (R.I. 2003).

## Conclusion

For the reasons set forth above, we affirm the grant of summary judgment. The record may be remanded to the Superior Court.



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**        Cathleen E. Curreri v. Robert B. Saint et al.

**CASE NO:**        No. 2015-11-Appeal.
(WC12-613)

**COURT:**        Supreme Court

**DATE OPINION FILED:**  December 8, 2015

**JUSTICES:**        Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**        Associate Justice Francis X. Flaherty

**SOURCE OF APPEAL:**    Washington County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Kristin E. Rodgers

**ATTORNEYS ON APPEAL:**

For Plaintiff:   Gregory P. Sorbello, Esq.

For Defendant:  Elizabeth A. Bourke, Esq.