NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by email at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: https://www.courts.nh.gov/our-courts/supreme-court

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Grafton
No. 2021-0068

DYLAN O'MALLEY-JOYCE & a.

v.

TRAVELERS HOME AND MARINE INSURANCE COMPANY

Argued: December 14, 2021
Opinion Issued: June 28, 2022

Steiner Law Office, PLLC, of Concord (R. James Steiner on the brief and orally), for the plaintiffs.

Primmer Piper Eggleston & Cramer PC, of Manchester (Doreen F. Connor on the brief and orally), for the defendant.

BASSETT, J. The plaintiffs, Dylan O'Malley-Joyce and Eileen Nash (homeowners), appeal an order of the Superior Court (Bornstein, J.) granting the summary judgment motion filed by the defendant, Travelers Home and Marine Insurance Company (the insurer), on their claims for damages and declaratory relief. Because the homeowners filed neither an objection to the insurer's summary judgment motion nor a motion to reconsider the trial court's order, they failed to preserve their appellate arguments for our review. Nonetheless, we review their arguments under our plain error rule, and finding no plain error, we affirm. See Sup. Ct. R. 16-A.

I.  Facts

The following facts either are drawn from the insurer's summary judgment motion or reflect the content of documents in the appellate record. The insurer issued a homeowners' policy to O'Malley-Joyce that was effective January 15, 2017, to January 15, 2018.  According to the homeowners' complaint, the homeowners are a married couple who reside at the insured residence.  The insured residence was damaged by two leaks — one in November 2017 and the other in early January 2018.  The homeowners filed claims under the policy as to both leaks.

Thereafter, the parties disagreed about the cost and scope of repairs.  In November 2018, the insurer sought to settle the parties' dispute by providing a contractor "who [was] willing and able to complete the work" and by "paying up to the replacement cost figures on the [contractor's] estimates less the deductibles for each of the claims."  Because the parties were unable to reach an agreement, the insurer demanded that they participate in the appraisal process set forth in the homeowners' policy.  The policy's appraisal provision provides, in pertinent part, that if the parties "fail to agree on the amount of loss, either may demand an appraisal of the loss."  If this occurs, "each party will choose a competent and impartial appraiser," and "[t]he two appraisers will choose an umpire."  If the two appraisers agree with one another, they submit a written report of their agreement to the insurer, and "the amount agreed upon will be the amount of the loss."  If they disagree, they submit their differences to the umpire, who must choose between the two appraisals, and the appraisal chosen by the umpire "will set the amount of loss."  In February 2019, the appraisers submitted a written report agreeing to an appraisal award for the loss, and the insurer subsequently paid the appraisal award to the homeowners.

In November 2019, the homeowners brought a two-claim complaint against the insurer.  In one claim, the homeowners sought a declaratory judgment, and in the other, they sought damages for "breach of contract, bad faith, statutory violations."  (Bolding and capitalization omitted).  Because, on appeal, the homeowners do not contest the grant of summary judgment on either their claim for declaratory judgment or their claim that the insurer violated certain statutes, we focus solely on their claims for breach of contract and breach of the implied covenant of good faith and fair dealing.

The homeowners alleged that the insurer breached the parties' insurance contract and the insurer's "underlying obligation of good faith and fair dealing" by failing to: (1) "pay the full value of the claim"; (2) "investigate [their] entire claim"; (3) "provide a willing and able contractor for the project . . . in violation of New Hampshire insurance regulations"; (4) "properly adjust [their] claim"; and (5) "pay the claim as a single claim."  For these alleged

2

breaches, the homeowners sought damages of more than $480,000, $355,187 of which was for lost wages.

The insurer moved for summary judgment. The insurer argued that the homeowners could not recover for breach of contract or breach of the implied covenant of good faith and fair dealing because they participated in a binding appraisal process, which resulted in an appraisal award that is akin to, and entitled to the same finality as, an arbitration award. The insurer acknowledged that whether an appraisal award is binding on the parties is an issue of first impression in New Hampshire. As to the homeowners' claims for certain damages, including lost wages, the insurer contended that those claims either were barred by the appraisal award or were not covered by the policy. The homeowners did not object to the insurer's summary judgment motion.

The trial court issued a margin order that stated, "Granted, without objection, for the reasons set forth in the motion and supporting memorandum of law. See RSA 491:8-a, III, IV." The homeowners did not move for reconsideration. Instead, they filed the instant appeal.

II. Analysis

On appeal, the homeowners raise two arguments. First, they contend that the trial court erred when it ruled that their participation in the appraisal process barred their breach of contract and breach of implied covenant claims. The homeowners assert that courts in other jurisdictions "have held that the identical appraisal clause contained in the policy . . . in this case" is not binding on the parties. Second, as to the merits of their breach of contract and breach of implied covenant claims, the homeowners argue that the insurer was not entitled to summary judgment because it "failed to demonstrate affirmatively" that it complied with certain administrative rules.[1]

The insurer counters that the homeowners' appellate arguments are not preserved for our review. The insurer contends that, because the homeowners

---

[1] The trial court, the insurer, and we have construed the homeowners' complaint as raising four claims: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) violations of RSA chapter 417; and (4) declaratory judgment. Although the homeowners' complaint alleged that the insurer "failed to provide a willing and able contractor for the project" who was "conveniently located," as required by "New Hampshire insurance regulations," the trial court, the insurer, and we have construed this allegation as part of the homeowners' breach of contract and breach of implied covenant claims. As the homeowners alleged, the insurer's failure "to properly adjust [their] claim, to pay the claim as a single claim, and to provide contractors who could properly perform the work required on [their] property constitute breaches of the parties' contract of insurance, and of the underlying obligation of good faith and fair dealing." Although, on appeal, the homeowners ask us to construe their complaint as raising a separate claim that the insurer violated certain regulations, we decline to do so. By failing to object to the insurer's summary judgment motion or to file a motion to reconsider the trial court's grant of the motion, the homeowners have waived any argument that the trial court misconstrued their complaint.

did not raise in the trial court the arguments they now press on appeal, the trial court "received no evidence about the policy language drafting history" and "no testimony about the parties' discussions and/or communications about the finality of the appraisal process." The insurer argues that the homeowners' decision to raise their arguments for the first time on appeal "is unduly prejudicial" because the insurer is now "precluded from supplementing the record with additional evidence."

Generally, parties may not have judicial review of matters not raised in the trial court. Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004); see Super. Ct. R. 12(e) ("To preserve issues for an appeal to the Supreme Court, an appellant must have given the court the opportunity to consider such issues; thus, to the extent that the court, in its decision, addresses matters not previously raised in the case, a party must identify any alleged errors concerning those matters in a motion under this rule to preserve such issues for appeal."). "[T]he purpose of our preservation rule is to ensure that trial courts have an opportunity . . . to correct errors," State v. Perez, 173 N.H. 251, 258 (2020), and "come to sound conclusions" before parties seek appellate review, Cogswell Farm Condo. Ass'n v. Tower Group, Inc., 167 N.H. 245, 253 (2015) (quotation omitted). Our preservation "requirement is intended to discourage parties who are unhappy" with a trial court decision "from combing the record to find an alleged error never raised before the trial judge that might support a motion to set aside the judge's ruling." Perez, 173 N.H. at 258. "This is only fair to the parties, the trial forums and the appellate courts." Cogswell Farm Condo. Ass'n, 167 N.H. at 253 (quotation omitted) (declining to address insurer's argument raised for the first time on appeal).

Here, because the homeowners did not object to the insurer's summary judgment motion and did not file a motion to reconsider after the trial court granted the motion, they failed to give the trial court any opportunity to consider the arguments they now raise on appeal. Accordingly, the homeowners failed to preserve those arguments for our review.

Nonetheless, we must determine the legal consequences of the homeowners' failure to preserve their arguments. We begin by observing that summary judgment is a statutory procedure. See RSA 491:8-a (2010). To obtain summary judgment, the moving party must show that there "is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." RSA 491:8-a, III. "The facts stated in [the moving party's] accompanying affidavits shall be taken to be admitted for the purpose of the motion, unless within 30 days" the opposing party files contradictory affidavits. RSA 491:8-a, II. "[M]ere denials in the opposing affidavits [are] insufficient to raise an issue of fact for trial." Johns-Manville Sales Corp. v. Barton, 118 N.H. 195, 197 (1978). If the opposing party fails to file contradictory affidavits, "judgment shall be entered on the next judgment day in accordance with the facts." RSA 491:8-a, IV.

4

Thus, if the opposing party fails to object or to file contradictory affidavits, "[i]t is left to the [trial] judge to apply the correct law to undisputed facts." Drop Anchor Realty Trust v. Ouellette, 133 N.H. 742, 746 (1990); see RSA 491:8-a, III (directing the trial court to grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits filed, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law"). In other words, the trial court cannot grant summary judgment to the moving party merely because the opposing party failed to object or file contradictory affidavits. See RSA 491:8-a, III.

We consider the affidavits and other evidence, and all inferences properly drawn from them, in the light most favorable to the non-moving party. Zannini v. Phenix Mut. Fire Ins. Co., 172 N.H. 730, 733-34 (2019). When a review of the evidence reveals no genuine dispute of material fact, and if the moving party is entitled to judgment as a matter of law, we will affirm the grant of summary judgment. Id. We review a trial court's application of law to the facts de novo. Id.

The homeowners urge us to review the trial court's application of law to facts in this case de novo, notwithstanding their failure to object to summary judgment or file a motion for reconsideration. They invite us to waive the preservation requirement because their arguments involve purely legal questions and require no additional fact finding. See State v. Kardonsky, 169 N.H. 150, 152 (2016) (waiving preservation where the appealing party raised a question of law that required no further factual development). On the other hand, the insurer asks us to dismiss the homeowners' appeal because their claims are not preserved. See, e.g., Dallman v. Isaacs, 911 A.2d 700, 704-05 (R.I. 2006) (concluding that the plaintiffs, who failed to file a timely objection to the summary judgment motion, waived their appellate arguments challenging the grant of that motion); Lane v. Town of Grafton, 689 A.2d 455, 457 (Vt. 1997) ("Failure to raise a reason why summary judgment should not be granted at the trial level precludes raising it on appeal.").

We are not inclined to waive preservation. The homeowners have cited no case in which we have waived preservation under similar circumstances. Nor have we found such a case. We believe that the fact that our review of the trial court's legal rulings is de novo is an insufficient ground to waive our preservation rule in this case. In the context of a summary judgment proceeding, we agree with the Rhode Island Supreme Court that de novo review "is not a panacea for a party's failure to raise in the lower court the specific legal basis for his or her objection to a motion for summary judgment." Dallman, 911 A.2d at 704.

At the same time, we are disinclined to dismiss the appeal. As Chief Justice Charles Doe once stated, "The judgment, and any necessary process for

5

carrying it into effect, being directed to the ends of justice, cannot be obstructed by imaginary barriers of form." Walker v. Walker, 63 N.H. 321, 328 (1885). We agree with the United States Supreme Court that "[a] rigid and undeviating judicially declared practice under which courts of review would invariably and under all circumstances decline to consider all questions which had not previously been specifically urged would be out of harmony with . . . the rules of fundamental justice." Hormel v. Helvering, 312 U.S. 552, 557 (1941).

Rather than waive our preservation rule, as the homeowners urge us to do, or dismiss the appeal in its entirety, as the insurer invites us to do, we consider the homeowners' appellate arguments under our plain error rule. See Sup. Ct. R. 16-A. "The plain error rule allows us to consider errors not brought to the attention of the trial court." Halifax-American Energy Co. v. Provider Power, LLC, 170 N.H. 569, 581 (2018); see Robinson v. Washington Metro. Area Transit Auth., 774 F.3d 33, 40 (D.C. Cir. 2014) ("A fundamental principle of appellate review generally bars a party who failed to preserve an argument in a lower tribunal from raising it on appeal absent plain error or exceptional circumstances." (quotation omitted)). "However, the rule should be used sparingly, its use limited to those circumstances in which a miscarriage of justice would otherwise result." Halifax-American Energy Co., 170 N.H. at 581. "For us to find error under the rule: (1) there must be an error; (2) the error must be plain; (3) the error must affect substantial rights; and (4) the error must seriously affect the fairness, integrity or public reputation of judicial proceedings." Id. (quotation omitted).

We begin with the homeowners' first argument, which is that the trial court incorrectly viewed the appraisal clause as binding on the parties as to the amount of loss because the clause does not use the word "binding" or an equivalent word. Even were we to assume that the trial court's interpretation of the appraisal clause constituted error, we conclude that any error was not plain as a matter of law because whether an appraisal clause is binding on the parties even if does not use the word "binding" or an equivalent word presents an issue of first impression.

"For the purposes of the plain error rule, an error is plain if it was or should have been obvious in the sense that the governing law was clearly settled to the contrary." State v. Panarello, 157 N.H. 204, 209 (2008) (quotation omitted). Ordinarily, "the plain error rule is not met when the case presents a question of first impression." Aranosian Oil Co. v. State of N.H., 168 N.H. 322, 331 (2015). As we have explained, "[w]hen the law is not clear at the time of trial and remains unsettled at the time of appeal, a decision by the trial court cannot be plain error." Panarello, 157 N.H. at 209. Nothing in this case justifies departing from our general rule.

6

To our knowledge, only two courts have addressed the appraisal clause issue directly in published decisions, and both of these courts rejected the contention that an appraisal provision is not binding on the parties unless it includes the word "binding" or an equivalent word.  See Farmers Auto. Ins. Ass'n v. Union Pac. Ry., 768 N.W.2d 596, 604-05 (Wis. 2009); Jupiter Aluminum Corp. v. Home Ins. Co., 225 F.3d 868, 875 (7th Cir. 2000) (applying Indiana law).  Unpublished decisions from other jurisdictions have also rejected the contention that an appraisal provision is not binding on the parties unless it includes the word "binding" or an equivalent word.  See Csuhran v. Merrimack Mut. Fire Ins. Co., No. 93-L-143, 1994 WL 102248, at *1-2 (Ohio Ct. App. March 18, 1994) (deciding that policy language requiring that a "decision agreed to by any two [of three appraisers] will set the amount of loss" was binding on the parties absent "fraud, mistake or manifest injustice" (quotation omitted)); cf. Musto v. Liberty Ins. Corp., No. 1:20 cv-00188-GZS, 2021 WL 5501765, at *3, *12 (D. Me. Nov. 21, 2021) (without discussing the policy's use of the phrase "will set the amount of loss" instead of the word "binding," the magistrate recommended that the court find the appraisal award "conclusively set the amount of [the plaintiff's] loss" (quotation omitted)), aff'd, 2022 WL 103716, at *1 (D. Me. Jan. 11, 2022).  But cf. Lewis v. Republic Fire & Casualty Ins. Co., Civil Action No.: 15-0035, 2016 WL 112732, at *5-6 (W.D. La. Jan. 8, 2016) (observing, in dicta, that "the majority of Louisiana cases that hold an appraisal award is binding reference cases wherein the policy contains language to the effect that 'a decision agreed to by any two (umpire or appraisers) will be binding'" and that "the subject policy merely states that '[a] decision agreed to by any two will set the amount of loss'").

Under these circumstances, we adhere to our general rule that, because the issue before us presents a question of first impression, "any 'error' by definition is not 'plain.'"  Aranosian Oil Co., 168 N.H. at 331.  Accordingly, we hold that the homeowners have failed to demonstrate that the trial court's interpretation meets the second element of the plain error test.  See id.  Having concluded that the homeowners have failed to demonstrate that the trial court committed plain error when it granted summary judgment to the insurer on their breach of contract and breach of implied covenant claims, we need not address the homeowners' remaining arguments.

Affirmed.

MACDONALD, C.J., and HICKS, HANTZ MARCONI, and DONOVAN, JJ., concurred.